**Harold C. PITTMAN**

v.

**The UNITED STATES.**

No. 383–82 C.

United States Claims Court.

Jan. 11, 1984.

Harold C. Pittman, pro se.

Robert A. Reutershan, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### OPINION

SETO, Judge:

In this action, plaintiff Harold Pittman contends that the United States violated contractual and constitutional obligations by its failure to pay plaintiff the proceeds of two Veterans Administration life insurance policies. Plaintiff seeks a judgment ordering the United States to pay the proceeds of the two insurance policies to him in full.

In *United States v. Alberta Alston, Harold C. Pittman, et al.,* No. H81–0068(R) (S.D.Miss. Sept. 14, 1981), the United States, in a bill of interpleader, brought an action to determine the rightful beneficiary of the insurance policies. In that action, the district court issued a final judgment ruling that the plaintiff herein was in default and was not entitled to share in the proceeds of the two insurance policies.

For the reasons set forth hereinafter, this court finds that the district court's judgment constituted a final adjudication on the merits of plaintiff's complaint, thus barring this action under the doctrine of *res judicata. See Fed.R.Civ.P.* 41(b).

### FACTS

The gravamen of this complaint concerns two life insurance policies in the amount of five thousand dollars each, issued by the Veterans Administration (VA) to Thomas H. Alston. When Mr. Alston first applied for and was granted the two National Service Life Insurance (NSLI) policies, the insured named his mother, Nancy L. Alston, as principal beneficiary.[1] The insured's mother, Nancy L. Alston, died on December 28, 1970. On September 23, 1975, the insured named his wife, Alberta Alston, as his principal and only beneficiary on both NSLI policies and duly filed both of the required change-of-beneficiaries forms. The insured's wife, Alberta Alston, was the only beneficiary of record on the date of Thomas Alston's death, June 30, 1979. On July 2, 1979, two days after Thomas Alston's death, two change-of-beneficiary forms, both dated April 3, 1979, were received by the VA Insurance office; both of the forms named Harold C. Pittman as the only beneficiary for the proceeds of both policies.[2] Plaintiff asserts the validity of these latter two change-of-beneficiary forms and claims that he is, therefore, entitled to the proceeds.

---

1. NSLI refers to insurance policies issued by the United States pursuant to 38 U.S.C. §§ 701–788.

2. Thus, although the change-of-beneficiary forms favoring Mr. Pittman were dated almost two months before the insured's death, they were not received by the VA Insurance office until two days after the insured, Thomas H. Alston, had died.

On July 16, 1979, the insured's wife, Alberta Alston, filed her claim for lump-sum payment on both policies. Four days later, on July 20, 1979, plaintiff filed his claim for the same lump-sum payment. Accordingly, there existed a dispute as to who was entitled to receive the benefits. The United States, as permitted by 38 U.S.C. § 784(a)[3], and at the request of the VA, chose to institute an interpleader action in federal district court.

In *United States v. Alberta Alston, Harold C. Pittman, et al.,* H81–0068(R) (S.D. Miss. Sept. 14, 1981), the United States District Court for the Southern District of Mississippi rendered a final judgment on the matter:

> It appearing unto the Court that process was personally served upon defendant Harold C. Pittman on June 3, 1981, more than 20 days prior hereto, in the way and manner required by law and no answer or other pleading having been filed by said defendant; and the United States Attorney, together with defendants Alberta Alston and George Thomas Sullivan, Administrator Ad Litem [sic] for the Estate of Thomas H. Alston, having moved for a judgment by default, supported by a proper affidavit as required by the Soldiers and Sailors Civil Relief Act of 1940, as amended, the Court finds that the defendant, Harold C. Pittman, is in default and should not share in the proceeds of the two policies of National Service Life Insurance numbered V1012 89 60 and V1018 35 96 issued to Thomas H. Alston....
>
> \*   \*   \*   \*   \*   \*
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:
>
> (1) *That Harold C. Pittman receive nothing from the proceeds of National Service Life Insurance Policy No. V1012 89 60 and National Service Life Insurance Policy No. V1018 35 96 issued by the Veterans Administration to Thomas H. Alston....* [Emphasis supplied].

Harold C. Pittman subsequently filed suit in the U.S. Claims Court for the proceeds of the two insurance policies.

### DISCUSSION

In its motion, the Government contends that, because of the district court's prior adjudication of this matter, plaintiff's asserted claim in this court is barred by the doctrine of *res judicata.* The United States Supreme Court has outlined that doctrine as follows:

> The effect of a judgment or decree as *res judicata* depends upon whether the second action or suit is upon the same or a different cause of action. If upon the same cause of action, the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, *not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented.* But if the second case can be upon a different cause of action, the prior judgment or decree operates as an estoppel only as to matters actually in issue or points controverted, upon the determination of which the judgment or decree was rendered. [*Baltimore Steamship Co. v. Phillips,* 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).] [Emphasis supplied].

*See also, Federated Department Stores v. Moitie,* 452 U.S. 394, 397–402, 101 S.Ct. 2424, 2427–2429, 69 L.Ed.2d 103 (1981); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct.

---

**3.** That section reads, in part:

In all cases where the Veterans' [sic] Administration acknowledges the indebtedness of the United States upon any such contract of insurance and there is a dispute as to the person or persons entitled to payment, a suit in the nature of a bill of interpleader may be brought at the request of the Veterans' [sic] Administration in the name of the United States against all persons having or claiming to have any interest in such insurance in the United States District Court for the District of Columbia or in the district court in and for the district in which any such claimant resides ....

2205, 2209, 60 L.Ed.2d 767 (1979); *Chicot County Dist. v. Bank,* 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); *Reed v. Allen,* 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932); *Bogart v. United States,* 531 F.2d 988, 209 Ct.Cl. 208, (1976).

The United States Court of Claims has likewise stated that: "The general rule is . . . that a final decision on the 'merits' of a claim bars a subsequent action on that claim or any part thereof, including issues which were not but could have been raised as part of the claim." *Container Transport International, Inc. v. United States,* 199 Ct.Cl. 713, 717 (1972), *citing Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326–327, 75 S.Ct. 865, 867–868, 99 L.Ed. 1122 (1955); *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 896 (1948); *Ray v. United States,* 538 F.2d 347, 209 Ct.Cl. 761, 765 (1976); and *Creek Nation v. United States,* 168 Ct.Cl. 483, 488 (1964).

Thus, plaintiff is barred from asserting his cause of action in this court if the same cause of action was the basis of the interpleader suit to which plaintiff was a party. In the case at bar, plaintiff's cause of action arises from the dispute as to the intended beneficiary of the two NSLI insurance policies. This claim is identical to the claim previously litigated in *United States v. Alberta Alston, Harold Pittman, et al.,* No. H81–0068(R) (S.D.Miss. Sept. 14, 1981).

■ The fact that this claim arose in the nature of an interpleader action is of no legal consequence, *see Reed v. Allen, supra,* nor does the fact that the district court's judgment with regard to the plaintiff herein was one of default bar the application of the doctrine of *res judicata.* A party may bring a collateral attack on a previous default judgment if it can show lack of personal jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982), or fraud, *Baldwin v. Men's Traveling Ass'n.,* 283 U.S. 522, 525–526, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931), but "[i]f entered by a court having jurisdiction of the parties and subject matter, and absent fraud or collusion, even a default judgment operates as *res judicata* and is conclusive of whatever is essential to support the judgment." *Kapp v. Naturelle, Inc., et al.,* 611 F.2d 703, 707 (8th Cir.1979). *See also Morris v. Jones,* 329 U.S. 545, 550–551, 67 S.Ct. 451, 455, 91 L.Ed. 488 (1946); *Riehle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 313, 73 L.Ed. 669 (1929); *Bank of Montreal v. Kough,* 612 F.2d 467 (9th Cir. 1980); *Brown v. Kenron Aluminum and Glass Corp.,* 477 F.2d 526, 531 (8th Cir.1973); *Moyer v. Mathas,* 458 F.2d 431, 434 (5th Cir.1972); *Somportex, Ltd. v. Philadelphia Chewing Gum Corp.,* 453 F.2d 435, 442 (3d Cir.1971), *cert. denied* 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972). Plaintiff's cause of action was procedurally and properly before the district court in Mississippi. Thus, further adjudication of plaintiff's claim is barred. This court will not address the substance of plaintiff's claims nor the other defenses proffered by defendant.

■ The claim for the proceeds of the two NSLI policies has been litigated. Since the District Court for the Southern District of Mississippi issued a "Final Judgment" ruling that Harold C. Pittman was in default and was not entitled to share in the insurance proceeds of the two NSLI policies, the doctrine of *res judicata* precludes this court from reconsidering the same claim. Thus, plaintiff is barred from bringing a collateral suit in this court.

CONCLUSION

For the reasons expressed in this opinion, this court finds that the defendant is entitled to judgment as a matter of law. Therefore, defendant's Motion for Summary Judgment is GRANTED and the Complaint is to be DISMISSED.

IT IS SO ORDERED.