**ROBERSON LUMBER COMPANY, INC.**

v.

**The UNITED STATES.**

No. 514–81C.

United States Claims Court.

Feb. 23, 1984.

Stewart L. Entz, Topeka, Kan., for plaintiff.

Sandra P. Spooner, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

### ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SETO, Judge:

In this action, plaintiff seeks to recover its bid preparation costs incurred in competing for two housing contracts in Kansas. Plaintiff asserts that the bids were solicited by the Housing Authority of the Prairie Band of the Potawatomi Tribe of Indians in conjunction with the Department of Housing and Urban Development (HUD) under the provisions of the Housing Act of 1937 (42 U.S.C. §§ 1401 *et seq.*). Plaintiff alleges that the arbitrary and capricious acts of HUD in assessing plaintiff's bid resulted in an award of the contracts to a competitor even though, according to plaintiff, plaintiff was the lowest responsible bidder.

Plaintiff filed a complaint in the United States District Court for the District of Kansas, seeking to enjoin the award of the contracts to its competitor. Having failed to obtain the relief sought, plaintiff filed its petition (now complaint) with this court's predecessor.

Defendant has filed a motion for summary judgment in which it avers that: (1) to the extent that plaintiff is trying to re-litigate issues already decided by the district court, it is barred from doing so here by the doctrine of *res judicata;* and (2) to the extent that the plaintiff has raised new issues here, this court lacks jurisdiction to decide those issues.

For the reasons set forth hereinafter, the court concludes that defendant's motion should be granted and, accordingly, plaintiff's complaint should be dismissed.

## FACTS

The Housing Authority of the Prairie Band of the Potawatomi Tribe of Indians (the "Housing Authority"), having contracted with HUD pursuant to the provisions of 42 U.S.C. §§ 1401 *et seq.,* solicited bids for two construction projects in Kansas. Bids on the contracts were submitted in February 1980 by at least plaintiff and another contractor (G & S Homes Development Company, hereafter "G & S"). According to plaintiff's assertions, the Housing Authority tentatively selected plaintiff, as the lowest responsible bidder, for the award of the contracts. Pursuant to the applicable statutes and regulations, HUD's concurrence with the Housing Authority's decision was required before a final award could be made. HUD therefore undertook a comparative analysis of the bid proposals.

Plaintiff alleges that HUD's analysis was arbitrary and capricious in that HUD: (1) preferred the G & S bids despite the failure of those bids to comply with the solicitation specifications; (2) unilaterally lowered the bid price of at least one of the G & S bids; and (3) made an advantageous adjustment to the G & S bids because G & S provided more square feet of living area than the specifications required. As a result of these assertedly erroneous actions in making the comparative analysis, HUD recommended

award to G & S. The Housing Authority thereafter proposed to award the contracts to G & S.

Before the award of the contracts was made, plaintiff brought suit in the United States District Court for the District of Kansas against HUD, the Housing Authority, G & S, and several individual members of these organizations. Plaintiff sought an injunction against the award of the contract, alleging that HUD's actions were arbitrary and capricious and that, as a result, plaintiff's bid did not receive full and fair consideration. The district court denied plaintiff relief, *Roberson Lumber Company, Inc. v. Dept. of Housing and Urban Development, et al.*, No. 80–4258 (D.Kan. May 28, 1981) (hereinafter *"Roberson I"*), and plaintiff appealed.

Before the decision of the Circuit Court of Appeals for the Tenth Circuit was made, plaintiff filed a petition in the Court of Claims asking for its bid preparation costs. Defendant moved the Court of Claims to dismiss plaintiff's petition on the basis of 28 U.S.C. § 1500 (1976).[1] The Court of Claims declined to dismiss the petition, instead suspending proceedings in the suit until plaintiff's other suit had been decided. *Roberson Lumber Company, Inc. v. United States*, 230 Ct.Cl. 870, 873 (1982).

Plaintiff's appeal was dismissed by the Court of Appeals pursuant to the filing of a stipulation of dismissal. Thereafter, defendant herein moved this court for summary judgment, arguing that the decision of the district court was made final by the dismissal of the appeal and that this court was therefore barred from considering plaintiff's claim anew by the doctrine of *res judicata*. The parties briefed defendant's motion, and oral arguments were heard on November 29, 1983.

## DISCUSSION

▮▮ It is incontrovertible that plaintiff may not relitigate here the same claim it urged upon the district court in *Roberson I.*

See, e.g., *Commissioner v. Sunnen*, 333 U.S. 591, 597–598, 68 S.Ct. 715, 719–20, 92 L.Ed. 898 (1948); *Bander v. United States*, 161 Ct.Cl. 475 (1963); *Pittman v. United States*, 4 Cl.Ct. 321 (1984) [SETO, J.]. The broad doctrine of *res judicata* has the effect of making a final, valid judgment conclusive as to all matters of both fact and law that were, *or could have been*, raised and adjudicated in the original proceeding. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); *Brown v. Felsen*, 442 U.S. 127, 139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979). Generally, a plaintiff must assert, in one action, all of the claims for relief that he may have arising out of the same transaction or occurrence, *see Container Transport International, Inc. v. United States*, 199 Ct.Cl. 713 (1972), and his failure to assert all of the legal theories upon which relief may be based does not deprive the adjudication of its effect as *res judicata*. *See Hildebrand v. Dart Industries*, 640 F.2d 289 (10th Cir.1981); *Small Business Administration v. Taubman*, 459 F.2d 991 (9th Cir.1972). Moreover, a plaintiff must generally seek *all* of the relief to which he believes himself entitled in the first suit, and the fact that different or additional relief is sought in a second suit is of no moment. *See Nash County Board of Education v. Biltmore Co.*, 640 F.2d 484, cert. denied 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981); *Boruski v. United States*, 493 F.2d 301, cert. denied 419 U.S. 808, 95 S.Ct. 20, 42 L.Ed.2d 34 (1974). Finally, where a procedural bar, *e.g.*, lack of subject matter jurisdiction or limitations on the amount in controversy, exists to the bringing of a given cause of action in a first proceeding (allowing the plaintiff to thereby avoid the broad defense of *res judicata* in the second suit) the doctrine of collateral estoppel bars plaintiff from re-litigating *issues* raised and decided in the first suit. *Runyan v. Great Lakes Dredge & Dock Co.*, 141 F.2d 396 (6th Cir.1944).

---

1. "The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ."

To adjudicate the motion for summary judgment, therefore, this court must first determine what was decided by the court in the first proceeding. Plaintiff's request for injunctive relief was rejected by the district court in *Roberson I* for two reasons: (1) plaintiff was not within the "zone of interests" protected by the National Housing Act of 1937 and therefore did not have standing to sue HUD for alleged violations of the statutes and regulations implementing the Act[2]; and (2) plaintiff's suit had been made moot by the Housing Authority's decision not to award the contracts to G & S.[3]

▊ In its discussion of the standing issue, the district court stated: "The key question is whether plaintiff has asserted an interest arguably within the zone of interests to be protected by the National Housing Act of 1937 and the regulations promulgated thereunder." *Roberson I,* slip op. at 5. The district court answered this question in the negative: "We do not believe that plaintiff has demonstrated that his interest in a proper bid analysis is even arguably protected within the zone of interests of the statute." *Id.* According to the doctrine of *res judicata,* the plaintiff therefore may not raise any issue regarding HUD's compliance with the dictates of the National Housing Act.[4]

Plaintiff argues, however, that its suit in this court is nonetheless not precluded by the district court's decision because plaintiff is not presently raising any issue with regard to HUD's compliance *vel non* with the National Housing Act or the regulations promulgated thereunder. Plaintiff instead contends that its action in this court is based upon a breach of an implied-in-fact contract that arose between it and the Government, wherein the Government should have fully and fairly evaluated plaintiff's bid for the housing contracts. Because the facts and circumstances of this case should be construed in the light most favorable to plaintiff, and because the district court's decision was clearly based on consideration of the Housing Act, it must be deemed for the purposes of this motion that the district court's decision does not give rise to the broad bar of *res judicata,* but rather to the narrower bar of collateral estoppel or issue preclusion.

Plaintiff's claim is, therefore, that the Government owed plaintiff the consideration of fully and fairly evaluating its bid in return for the plaintiff's consideration of preparing and submitting the bid. Plaintiff's apparent basis for this claim is that either: (1) HUD's control and regulation of the relevant contracts were so pervasive as to make HUD the actual contracting party despite the role of the Housing Authority; or (2) HUD's recommendation of a contractor to the Housing Authority was an absolute condition precedent to award of the contracts, and HUD was, therefore, the real party in interest in considering the bids for the contracts.

▊ It is now clear that no implied contract with the Government arises merely because the Government has provided funds for, or imposed restrictions on, a contract entered into by a non-federal entity. *See, e.g., Aetna Casualty & Surety Co. v. United*

---

**2.** The district court noted that its decision on this issue apparently ran counter to the holding in *Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859 (D.C.Cir.1970), that disappointed bidders have standing to sue the Government for violations of procurement regulations. The court noted that the Housing Authority, and not the plaintiff directly, would be most affected by HUD's actions. Therefore, it was the Housing Authority, and not plaintiff, which was the real party in interest in ensuring that HUD complied with the relevant regulations. The question of whether or not the district court's interpretation of the *Scanwell* doctrine is correct is not reviewable in this court.

**3.** The decision as to mootness does not necessarily raise the bar of *res judicata, see, e.g., Payne v. Panama Canal Co.,* 607 F.2d 155 (5th Cir.1978), and does not here because of the difference between the relief sought here and that sought in *Roberson I.*

**4.** Because the district court's holding that plaintiff's claim was moot applied only to the claim for injunctive relief (a relief not now sought by plaintiff), we need not consider the effect of that part of the district court's decision.

*States,* 655 F.2d 1047, 228 Ct.Cl. 146 (1981); *D.R. Smalley & Sons v. United States,* 372 F.2d 505, 178 Ct.Cl. 593, *cert. denied,* 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967); *Diamond Manufacturing Co. v. United States,* 3 Cl.Ct. 424 (1983) [SETO, J.]; and *Cofan Associates, Inc. v. United States,* 4 Cl.Ct. 85 (1983) [MILLER, J.].

Plaintiff advances the novel, albeit unpersuasive, argument that cases such as *Aetna* and *Smalley, supra,* are inapposite because they "do not really deal with 'privity of contract' or the 'implied contract' theories which are now before this Court." Plaintiff's characterization is unwarranted. A cardinal issue in *Smalley* was whether or not an implied contract between the plaintiff and the Government arose because of the pervasive nature of the relevant federal regulations. 178 Ct.Cl. at 596–598. In *Aetna,* the court held that there could be no implied contract with the Government despite HUD's extensive involvement as an insurer of a housing project. 228 Ct.Cl. at 152. Moreover, plaintiff does not substantiate its averment that these decisions are irrelevant to the implied contract issue in the instant case. In the context of this case, the court perceives no difference between an implied-in-fact contract with the Government concerning the evaluation of the bid and an implied-in-fact contract for the performance of the bid-for construction contract.

██ Finally, plaintiff argues that the existence *vel non* of a contract implied in fact is not an issue that can be resolved by a motion for summary judgment. This contention is based on the argument that the issue is one of fact, is material, and is disputed. While the existence *vel non* of an implied contract is material here and is certainly "disputed" in the sense that the parties do not agree, plaintiff has completely failed to substantiate its contentions. RUSCC 56(e) mandates that:

When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleading,* but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him. [Emphasis added.]

Defendant, on the other hand, has moved for summary judgment, and has supported its motion by weight of authority. Plaintiff has not challenged defendant's statement of the facts, nor has it presented countervailing authority. Even viewed in the light most favorable to plaintiff, plaintiff's "mere allegations or denials of [its] pleading," especially where plaintiff has failed to "set forth specific facts," do not suffice to adequately counter defendant's motion.

## CONCLUSION

Based on the foregoing discussion, we conclude that: (1) plaintiff, insofar as it claims a right to relief based on alleged violations by HUD of any relevant provisions of the National Housing Act of 1937, is barred by the doctrine of *res judicata,* and more specifically, by the doctrine of issue preclusion, from raising such claims in this court; and (2) this court is without jurisdiction to decide any other part of plaintiff's claim because plaintiff has failed to make the requisite showing of an implied contract with the United States, which showing is a prerequisite in this context to support jurisdiction under 28 U.S.C. § 1491. Therefore, defendant's motion for summary judgment is GRANTED and the complaint is to be dismissed.

IT IS SO ORDERED.