Kathryn Ann **MEINCKE**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 143–87C.

United States Claims Court.

Feb. 29, 1988.

Kathryn Ann Meincke, pro se.

Carolyn Galbreath, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

FUTEY, Judge.

This action is before the court on defendant's motion to dismiss. Plaintiff seeks monetary relief under the Tucker Act, 28 U.S.C. § 1491 and 28 U.S.C. § 1346(a)(2), for an automobile and trailer which were forfeited to the United States in a proceeding against plaintiff's husband, Paul Felix Jechura, pursuant to 21 U.S.C. § 848(a)(2). Defendant asserts that this court lacks jurisdiction to review criminal forfeitures ordered by another federal court. For the reasons discussed hereinafter, the court grants defendant's motion to dismiss.

## FACTS

This matter arises from a court ordered criminal forfeiture of real and personal property which was entered against Paul Felix Jechura (Jechura), plaintiff's husband. Jechura was indicted in the United States District Court for the Eastern District of Michigan, Southern Division, on February 23, 1982, under 21 U.S.C. § 846 (conspiracy to distribute marihuana), 21 U.S.C. § 963 (conspiracy to import marihuana), 21 U.S.C. § 841(a)(1) (possession of marihuana with intent to distribute), 18 U.S.C. § 2(a) (aiding and abetting in the distribution of marihuana), 21 U.S.C. § 848 (engaging in a continuing criminal enterprise), 18 U.S.C. § 371 (conspiracy to defraud the United States), and 26 U.S.C. § 7201 (tax evasion).[1] Kathryn Ann Meincke (Meincke) was jointly indicted in the United States District Court for the Eastern District of Michigan, Southern Division, under 18 U.S.C. § 371 and 26 U.S.C.

§ 7201.[2] Jechura subsequently pled guilty to operating a continuing criminal enterprise and income tax evasion, and the pending charges against Meincke were dismissed.

On December 2, 1982, Jechura entered into a Rule 11 plea agreement to forfeit property pursuant to 21 U.S.C. § 848(a)(2), which section provides that "(a)ny person convicted of engaging in a continuing criminal enterprise shall forfeit to the United States: any of his interest in, claims against, or property or contractual rights of any kind affording a source of influence over, such enterprise."[3] A Stipulation of Forfeiture was entered into by the parties in connection with the Rule 11 Plea Agreement on February 23, 1984. On March 4, 1984, an "Order and Judgment of Forfeiture" was entered by the District Court in which the property listed in the Rule 11 plea agreement was forfeited by Jechura.[4] The property listed in the order was thereafter seized by agents of the Drug Enforcement Administration and disposed of accordingly. Included in the property seized was a 1937 Ford automobile and a trailer, the subject of this action.

On October 7, 1984, Meincke filed an administrative tort claim with the Department of Justice asserting a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. The claim was presented on a standard Form 95 pursuant to Title 28 C.F.R. § 14.2. The claim alleged that the plaintiff was the owner of the trailer and 1937 Ford convertible, and the seizure of these vehicles by the Drug Enforcement Agency caused her tortious injury and damages in the amount of $23,000. On October 31, 1984, this claim was denied by the Department of Justice. Plaintiff's subsequent request for reconsideration filed on May 23, 1985, pursuant to 28 C.F.R.

---

**1.** *United States v. Paul Felix Jechura,* et al., Criminal Numbers 82–80110 and 82–800108,

**2.** *United States v. Paul Felix Jechura and Kathryn Ann Meincke,* Criminal Number 82–80108.

**3.** *United States v. Paul Felix Jechura,* Criminal Number 82–80110. Defendant entered a plea of guilty for violation of 21 U.S.C. § 848, operating a continuing criminal enterprise, pursuant to

Rule 11(e)(1)(c) of the Federal Rules of Criminal Procedure. Counts I, II, III, IV and V were dismissed pursuant to Rule 11(e)(1)(A) of the Federal Rules of Criminal Procedure.

**4.** *United States v. Paul Felix Jechura,* Criminal Number 82–80110. The Honorable Robert E. DeMascio entered the Order and Judgment of Forfeiture pursuant to 21 U.S.C. § 848(a)(2).

§ 14.9(b), was denied on August 21, 1985, as untimely.[5]

On February 13, 1986, plaintiff filed a complaint in the United States District Court for the Eastern District of California requesting relief for a "taking without due process" under the FTCA.[6] The District Court concluded that it lacked jurisdiction over the claim of unlawful forfeiture of property under the FTCA. The court determined that these claims fell within the exceptions delineated in 28 U.S.C. § 2680(a) and (c) of the FTCA.[7] Further, the court concluded that the plaintiff had pled facts which appeared to state a claim based on the takings clause of the Fifth Amendment. Since a Fifth Amendment taking claim is cognizable under the Tucker Act, and the amount in question exceeded $10,000, the District Court ordered the case to be transferred to this court. On April 13, 1987, the plaintiff filed an "Amended Complaint" in The United States Claims Court based on "an improper taking of private property for public use without just compensation."

## DISCUSSION

Plaintiff, Kathryn Ann Meincke, alleges that the 1984 order of forfeiture entered by the District Court for the Eastern District of Michigan, against Paul Felix Jechura, encompassed property, a 1937 Ford and a trailer, owned by her. Meincke asserts in her complaint that Jechura "... had no interest in, claims against, [or] proper (sic) or contracted (sic) rights affording a source of control over the seized private property of [Meincke]." The complaint alleges that the two vehicles were illegally seized and forfeited to the United States Government by order of the United States District Court for the Eastern District of Michigan in contravention of statutory notice requirements as well as the takings clause of the Fifth Amendment. Plaintiff seeks monetary relief in the principal amount of $23,000.

■ This Court's basic jurisdiction is set forth in the Tucker Act, as codified at 28 U.S.C. § 1491 (1982). In pertinent part § 1491(a)(1) states:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

However, the Tucker Act does not create any substantive right enforceable against the United States for money damages. *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983). To recover, a party must demonstrate that the basis for its substantive right exists in some other source of law such as the Constitution, or Act of Congress or executive department regulation. *Id.* Furthermore, the violation of the substantive right at issue must be fairly interpreted as mandating the payment of compensation from the Federal Government to allow recovery of money damages. *Id.* at 218, 103 S.Ct. at 2968; *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967); *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976);

**5.** 28 C.F.R. § 14.9(b) provides that a claimant may, if dissatisfied with the agency's final decision of an administrative claim, file a written request for reconsideration within 6 months of the final decision.

**6.** *Kathryn Ann Meincke v. United States,* Civil No. S–86–181–LKK.

**7.** 28 U.S.C. § 2680 provides in part:
The provisions of this chapter and section 1346(b) of this title shall not apply to—
(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
(c) Any claim arising in respect of the assessment or collection of any tax, or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

*Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975).

It is well established that the jurisdiction of this court does not extend to claims based on the due process clause of the Constitution since this clause does not mandate the payment of money by the United States. *Montego Bay Imports, Ltd. v. United States,* 10 Cl.Ct. 806, 809 (1986), *Bounds v. United States,* 1 Cl.Ct. 215, 216 (1983). Accordingly, this court lacks jurisdiction to entertain any claim by plaintiff based solely on a due process violation in the forfeiture procedure.

Plaintiff nevertheless argues that the Tucker Act grants the Claims Court jurisdiction "over actions to determine the propriety of seizures and forfeitures." [8] She cites *Simons v. United States,* 497 F.2d 1046 (9th Cir.1974) and *Wiren v. Edie,* 542 F.2d 757 (9th Cir.1976), in support of this argument. These cases, however, are inapposite. Both *Simons* and *Wiren* were cases initially brought in federal district courts in which the plaintiffs challenged the lawfulness of *administrative* forfeitures of automobiles worth less than $2,500. The complaints were lodged after mandatory agency actions—petitions for remission or mitigation of forfeiture—had been denied by the government. The appellate courts in both cases held that jurisdiction properly rested with district courts under 28 U.S.C. § 1346(a)(2) [9] to review the propriety of the forfeitures and, if they were found to be unlawful, award relief. Thus, the district courts in *Simons* and *Wiren* acted as the courts of first instance in claims against the United States of less than $10,000 based on unlawful administrative forfeitures.

The case at bar, however, is radically different. The property here at issue was forfeited, not pursuant to an agency ruling, but by "Order and Judgment" of a federal court—the U.S. District Court for the Eastern District of Michigan, Southern Division. Plaintiff's claim is in the principal amount of $23,000, which is beyond the statutory maximum set forth in 28 U.S.C. § 1346(a)(2) for concurrent jurisdiction with a U.S. district court and leaves 28 U.S.C. § 1491(a) as the only conceivable basis of Claims Court jurisdiction. Plaintiff's attempt to redefine her complaint in this court to accord with 28 U.S.C. § 1491, however, cannot disguise the fact that it amounts, in essence, to a collateral attack on the District Court's forfeiture ruling. The Claims Court's jurisdiction does not extend to the review of substantive actions taken by other federal courts. *Carney v. United States,* 199 Ct.Cl. 160, 162–64, 462 F.2d 1142 (1972); *Bayshore Resources Co. v. United States,* 2 Cl.Ct. 625, 640 (1983). Moreover, the transfer of this case here by the U.S. District Court for the Eastern District of California cannot, by itself, confer jurisdiction upon this court where none would otherwise exist. *Singleton v. United States,* 6 Cl.Ct. 156, 165 (1984).

Plaintiff's proper avenue of relief at the time the district court issued its forfeiture order in February 1984 was at the agency level. The remedy available to third parties claiming an interest in forfeited property was to petition the Attorney General for remission or mitigation. *United States v. L'Hoste,* 609 F.2d 796, 812 (5th Cir.), *cert. denied,* 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980), Comprehensive Crime Control Act of 1984, P.L. 98–473, 98 Stat. 2030, 2031, 98th Cong., 2d Sess., *1984 U.S.Code Cong. and Admin.News,* 3182, 3374, 3389–92.[10] "Congress plainly ad-

**8.** Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss, p. 3.

**9.** 28 U.S.C. § 1346(a)(2) reads in pertinent part as follows:
"The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of: .... Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or

any regulation of an executive department, or upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort...."

**10.** The law was subsequently amended to provide for an ancillary hearing for parties claiming an interest in forfeited property, but this did not become effective until October 12, 1984. 21 U.S.C. § 853(n).

dressed the possible hardship that forfeiture could cause to those innocent parties holding an interest in forfeited property and gave responsibility to the United States, not the district court, to alleviate hardship." *United States v. L'Hoste* at 812. "The Attorney General has the express statutory responsibility to provide for the rights of innocent persons effected (sic) by a forfeiture order as well as the more general obligation to insure that the laws of the United States are enforced in a constitutional manner." *United States v. Mandel,* 505 F.Supp. 189, 191 (D.C.Md. 1981), aff'd 705 F.2d 445 (4th Cir.1983).

The record does not indicate that Meincke ever petitioned the Attorney General for remission or mitigation of the forfeiture. Rather, she filed an administrative tort claim with the Department of Justice under the Federal Tort Claims Act which, as aforementioned, was denied.[11]

This court concludes, therefore, that it has no jurisdiction over plaintiff's action. Defendant's motion is hereby granted. The clerk is directed to dismiss the complaint. No costs.

IT IS SO ORDERED.

11. Meincke's administrative claim under the Federal Tort Claims Act was filed pursuant to 28 U.S.C. §§ 2671–2680. These regulations apply only to claims asserted under the Federal Tort Claims Act. 28 C.F.R. § 14.1. The procedures for filing petitions for remission and mitigation are set out in 19 U.S.C. § 1618.