Salvatore SCARANO, Plaintiff,

v.

**UNITED STATES, Defendant.**

**No. 95–554C.**

United States Court of Federal Claims.

Feb. 20, 1996.

Steven B. Hval of Kevin O'Connell P.C., Portland, Oregon, for plaintiff.

Kathie Ann Whipple, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director Richard E. Rice, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. Defendant alleges that plaintiff's claim is beyond this court's jurisdiction, and is barred by the doctrine of res judicata. The court agrees, and for the reasons set forth below, grants defendant's motion.

## FACTS

In August of 1990, plaintiff, Salvatore Scarano, was charged with a variety of criminal violations for his involvement with illegal currency transactions. He plead guilty to the unlawful structuring of currency transactions under 31 U.S.C. §§ 5322(a), 5324(a)(3) (1994) and aiding and abetting under 18 U.S.C. § 2 (1994). Prior to entering into a plea arrangement, the government filed a civil action against Scarano seeking the forfeiture of $300,000, money allegedly involved in Scarano's illegal currency transactions. On September 23, 1992, the United States District Court for the Northern District of California ordered Scarano to pay $75,000. Scarano now brings suit in this court, seeking the return of the forfeited cash.

## DISCUSSION

I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant asks the court to dismiss plaintiff's claim for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Because the government filed this motion, Scarano, the non-moving party, bears the burden of establishing the court's jurisdiction. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). This court's jurisdiction depends upon the applica-

bility of the Tucker Act, 28 U.S.C. § 1491(a) (1994). According to the Tucker Act, this court possesses no subject matter jurisdiction unless a plaintiff's claim rests upon at least one of the following: (1) the Constitution; (2) any act of Congress; (3) any regulation of an executive department; (4) any express or implied contract with the United States; or (5) liquidated or unliquidated damages in cases not sounding in tort. *Id.* Plaintiff asserts two of the above factors as grounds for this court's jurisdiction.

■ First, plaintiff contends that his claim arises under the Constitution because the forfeiture constituted a Fifth Amendment taking. Second, he argues that his claim arises under an act of Congress because 28 U.S.C. § 2461 (1994), when read in conjunction with the Tucker Act, gives this court jurisdiction over his claim. Aside from offering gross misinterpretations of both the Takings Clause and the statutes he cites, plaintiff's arguments fail because both ask the court, in effect, to reverse a decision rendered by the United States district court.

Arguing that his claim arises under the Fifth Amendment Takings Clause, plaintiff seeks the return of $75,000, which the district court ordered him to forfeit. Plaintiff assumes that he retains some compensable right in that money. His rights in the $75,000, however, were previously adjudicated by the district court, which implicitly determined that Scarano maintained no right to enjoy the fruits of his criminal enterprise. Therein lies the jurisdictional infirmity: this court is powerless to "review the substantive actions taken by other federal courts." *Lark v. United States,* 17 Cl.Ct. 567, 571 (1989) (citing *Golder v. United States,* 15 Cl.Ct. 513, 517 (1988)); *see also Meincke v. United States,* 14 Cl.Ct. 383, 386 (1988).

■ Plaintiff's second attempt at invoking the jurisdiction of this court is also flawed. He argues that 28 U.S.C. § 2461 conveys jurisdiction to this court because it comports with the requirements of the Tucker Act. The Tucker Act vests this court with jurisdiction over a claim if it is "founded ... upon ... any Act of Congress...." 28 U.S.C. § 1491(a)(1). Proceeding from that language in the Tucker Act, plaintiff points to section 2461, and argues that this section permits him to bring a civil action to recover the forfeited monies. Plaintiff's view of the statute is incorrect. He argues that:

Plaintiff's property was forfeited pursuant to the authority granted by 18 U.S.C. [§] 981, a statute that fails to specify a mode of recovery of the pecuniary forfeiture. Plaintiff should [therefore] be allowed to institute a civil action to recover the pecuniary forfeiture of his property pursuant to the authority granted in 28 U.S.C. § 2461.

(Plaintiff's Response at 2). The authority granted in 28 U.S.C. § 2461 is not intended to empower Scarano. Rather, that authority is intended to aid the government in its collection of forfeitures. *See, Mitchell v. Tenneco Chemicals, Inc.,* 331 F.Supp. 1031, 1033 (D.S.C.1971). Section 2461 sets forth in pertinent part:

Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action.

28 U.S.C. § 2461(a). From its inception, the statute was designed as a tool for the government to collect civil fines, penalties or pecuniary forfeitures from transgressors such as Scarano. The statute was intended neither to provide Scarano a mechanism to seek the return of forfeited monies nor to launch a collateral attack on the determination of another federal court. No plausible construction of section 2461 permits the statute to be read as vesting the court with subject matter jurisdiction over Scarano's claim.

## II. Res Judicata

■ Essentially, plaintiff seeks to collaterally attack the district court's prior determination. This court has repeatedly held that "such matters are barred by the doctrine of res judicata...." *Lark,* 17 Cl.Ct. at 571 (citing *Reidt v. United States,* 13 Cl.Ct. 741, 744 (1987)); *Prizer v. United States,* 11 Cl. Ct. 184, 186–87 (1986).

## CONCLUSION

Based on the foregoing discussion, defendant's motion to dismiss plaintiff's claim for lack of subject matter jurisdiction is granted. The Clerk shall enter judgment, dismissing the complaint. Costs to defendant.

IT IS SO ORDERED.