Colette J. BERNAUGH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–565 C.

United States Court of Federal Claims.

July 31, 1997.

Colette J. Bernaugh, Forrest City, AR, pro se.

Lawrence N. Minch, with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director Gerard W. Fischer, Washington, DC, for defendant.

## OPINION

MOODY R. TIDWELL, III, Judge.

Plaintiff, Colette Bernaugh, filed a complaint on September 9, 1996, seeking the return of $201,817 in United States currency and other personal property seized under forfeiture laws by the United States District Court of Oklahoma and the Drug Enforcement Agency (DEA), allegedly in violation of plaintiff's constitutional rights. Defendant filed a motion to dismiss on December 9, 1996, for: (1) lack of subject matter jurisdiction: (2) failure to state a claim upon which relief could be granted; and (3) res judicata.

For the reasons set forth below, the court holds that it lacks subject matter jurisdiction to proceed over the constitutional claims. The balance of the claims are not ones upon

which relief can be granted. Furthermore, plaintiff's claims are barred by the doctrine of res judicata. Therefore, defendant's motion to dismiss is granted.

## FACTS

On or about November 6, 1990, plaintiff attempted to purchase 300 pounds of marijuana from an Oklahoma City Police Department undercover agent in a narcotics transaction. Plaintiff was stopped and arrested after the transaction's completion. At that time, a total of $201,817 in U.S. currency was seized and conveyed to the Drug Enforcement Agency (DEA) for forfeiture proceedings pursuant to the Controlled Substances Act, 21 U.S.C.A. § 881(a)(6) (West Supp. 1997). Of the $201,817 seized, $200,000 was intended for the purchase, $1,187 was found in plaintiff's motor home, and $640 was in plaintiff's possession. In addition, the DEA seized plaintiff's motor home, cellular telephone, and jewelry and consolidated the property with the currency pursuant to 21 U.S.C.A. § 881. Plaintiff plead guilty to violations of 21 U.S.C. § 841 (possession of marijuana), 21 U.S.C. § 846 (intent to distribute marijuana), and 18 U.S.C. § 1952 (interstate travel to facilitate conspiracy). On March 18, 1991, the district court entered judgment and sentenced plaintiff to twelve years in prison. *See* Compl. Ex. D (criminal judgment).

The DEA seized plaintiff's currency and personal property because it was acquired with proceeds traceable to the exchange of controlled substances, and used or intended to be used to facilitate violations of the Controlled Substances Act. Separate forfeiture proceedings were initiated against the seized currency and the other personal property. The district court presided over the proceedings against the currency and the DEA presided over the administrative proceedings against plaintiff's other property.

Plaintiff received notice of the complaint and the district court judicial forfeiture proceedings by certified mail on March 9, 1991. In addition, notice of the judicial proceedings was published in *The Daily Oklahoman* three times between March 15, and March 29, 1991. Plaintiff failed to respond to the notice, and did not file an appearance in the district court proceedings. On May 2, 1991, the currency was forfeited by default judgment in Oklahoma district court. *United States v. $201,817.00 in U.S. currency,* CIV–91–286–A (W.D.Okla. May 2, 1991).

In addition, plaintiff did not comply with the administrative procedures set out in 19 U.S.C.A. §§ 1607–1618, (West Supp.1996), for contesting a forfeiture. On February 22, 1991, the DEA forfeited plaintiff's motor home, cellular telephone, and jewelry pursuant to 21 U.S.C. § 881. *Bernaugh,* No. M491–0005 (Drug Enforcement Administration, Feb. 22, 1991).

Plaintiff does not assert that either notice was defective and does not challenge due process. Instead, plaintiff argues that he did not have a full and fair opportunity to litigate due to his attorney's failure to respond to the notice and take appropriate action. Additionally, plaintiff alleges that the jewelry and the cellular telephone were "illegally" seized and forfeited.

Plaintiff asserts jurisdiction in this court pursuant to the Tucker Act, 28 U.S.C.A. § 1491 (West Supp.1997), based on the Constitution. In addition, plaintiff alleges jurisdiction because the recovery he seeks is an amount in excess of $10,000. Plaintiff alleges that the forfeitures violated the Double Jeopardy Clause of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the Takings Clause of the Fifth Amendment. Plaintiff also claims that the forfeiture constitutes an illegal exaction. Plaintiff seeks recovery of the value of the forfeited property, plus 5.5% interest.

## DISCUSSION

Defendant moved to dismiss this action pursuant to Rule 12(b)(1) and (4) of the Court of Federal Claims, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be provided. Alternatively, defendant argues that plaintiff is barred from bringing his claims by the doctrine of res judicata. Plaintiff appears *pro se* and consequently, his submissions are construed more leniently than pleadings drafted by lawyers. *Bowman v. United States,* 35 Fed.Cl. 397, 400 (1996) (citing *Estelle v.*

*Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)); *Froudi v. United States,* 22 Cl.Ct. 290, 293 (1991).

## I.  Jurisdiction

The complaint asserts jurisdiction in the United States Court of Federal Claims under the Tucker Act, 28 U.S.C.A. § 1491(a)(1) (West Supp.1997).  In pertinent part, section 1491(a)(1) states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C.A. § 1491(a)(1).

However, the Tucker Act does not create any substantive right enforceable against the United States for money damages.  *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983); *Litzenberger v. United States,* 89 F.3d 818, 820 (Fed.Cir.1996).  The Act requires that a claim be based upon a violation of a source of law mandating the payment of money damages by the federal government.  *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (1967).  To establish a right to recovery, a plaintiff must demonstrate that it either: (1) has a contractual relationship with the government; (2) seeks a refund of money which it paid to the government; or (3) that a provision of the Constitution, a statute, an Executive Order, or a regulation upon which plaintiff relies, mandates payment of money that the government has unlawfully declined to pay.  *E.g., Testan,* 424 U.S. at 400, 96 S.Ct. at 954 (citing *Eastport S.S. Corp.,* 372 F.2d at 1007–09); *see Bowman v. United States,* 35 Fed.Cl. at 400. In the present case, plaintiff contends that

the forfeiture of his personal property violated three constitutional provisions: the Double Jeopardy and Takings Clauses of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.  Thus, the issue is whether these provisions are money-mandating.

### A.  The Double Jeopardy Clause of the Fifth Amendment

■  Plaintiff claims that the government violated the Fifth Amendment Double Jeopardy Clause by executing civil forfeitures of his property subsequent to his criminal conviction.  However, the Double Jeopardy Clause does not contain money-mandating language and thus must be enforced through equitable remedies.[1]  *See Crocker v. United States,* 37 Fed.Cl. 191, 195 (1997).  As a result, the court lacks jurisdiction over claims based solely on that provision.  Moreover, even if subject matter jurisdiction were present, this claim would likely fail due to the Supreme Court's recent decision in *United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).  In *Ursery,* the Supreme Court held that a forfeiture proceeding is an action *in rem,* and therefore is not in principle a penalty against the person.  *Id.* at —— – ——, 116 S.Ct. at 2142–49.  Because a Double Jeopardy Clause violation can occur only if a penalty is imposed against the person, it is unlikely that a forfeiture proceeding triggers a violation.

### B.  The Excessive Fines Clause of the Eighth Amendment

■  Plaintiff also alleges that the civil forfeiture and criminal conviction violated the Eighth Amendment's proscription against excessive fines.  This court lacks jurisdiction over such a claim because the Excessive Fines Clause does not create a cause of action for money damages against the United States.[2]

■  Assuming arguendo that the court has jurisdiction, the Federal Circuit in *Lit-*

---

1.  The Double Jeopardy Clause provides that no person will "be subject for the same offence to be twice put in jeopardy of life or limb...."  U.S. Const. amend.  V.

2.  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.

*zenberger v. United States* explained that any substantive arguments as to why property should not be forfeited, such as the Eighth Amendment prohibition against excessive fines, should be raised in the condemnation proceedings pursuant to the statutory scheme established by Congress. 89 F.3d at 820; *see Austin v. United States,* 509 U.S. 602, 605, 113 S.Ct. 2801, 2803, 125 L.Ed.2d 488 (1993). Relief from a wrongful administrative forfeiture is obtained by petition for remission or mitigation of the forfeiture. 19 U.S.C.A. § 1618 (West Supp.1996). Plaintiff did not contest the administrative forfeiture in the statutorily prescribed manner. In addition, he failed to raise his challenge to the forfeiture in the district court proceedings. The default judgment from the district court is a final judgment and extends to every matter argued as well as any other admissible matter that might have been offered. *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–19, 77 L.Ed.2d 509 (1983) (quoting *Cromwell v. County of Sacramento,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876)). As a result, plaintiff is estopped from raising an Eighth Amendment claim. *See Litzenberger,* 89 F.3d at 821; *Meincke v. United States,* 14 Cl.Ct. 383, 386–87 (1988).

### C. The Takings Clause of the Fifth Amendment

■ Plaintiff further attempts to establish jurisdiction by alleging a taking of private property for public use without just compensation in violation of the Fifth Amendment Takings Clause of the Constitution.[3] The Takings Clause mandates compensation when the federal government appropriates private property for public use. *Noel v. United States,* 16 Cl.Ct. 166, 170 (1989). Although it is well established that Fifth Amendment takings claims meet the threshold requirements of the Tucker Act, the facts of this case do not constitute a taking cognizable by this court for several reasons. *See Crocker v. United States,* 37 Fed.Cl. at 195; *Noel,* 16 Cl.Ct. at 169; *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988).

First, a taking is distinguishable from a forfeiture. A compensable taking involves the appropriation of private property for public use under powers of eminent domain. *Eversleigh v. United States,* 24 Cl.Ct. 357, 359 (1991) (*citing Noel,* 16 Cl.Ct. at 170). By contrast, a valid forfeiture involves the regulation of property and "seeks to prevent the continued use of private property in ways detrimental to organized society." *Id.* The actions challenged in this case are forfeitures. Plaintiff plead guilty to criminal offenses and his currency and other personal property were forfeited pursuant to the Controlled Substances Act, 21 U.S.C. § 881. The district court and the DEA found that the forfeitures were valid and met the appropriate legal standards. This court is not the proper forum to challenge decisions relating to forfeitures.

Furthermore, the Supreme Court stated that the government is not required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than eminent domain. *Bennis v. Michigan,* — U.S. ——, ——, 116 S.Ct. 994, 1001, 134 L.Ed.2d 68 (1996). Numerous cases in this court have held that a valid forfeiture under 21 U.S.C. § 881 is regulatory in nature and does not implicate the takings clause. *See Crocker,* 37 Fed.Cl. at 195; *Perry v. United States,* 28 Fed.Cl. 82, 84 (1993); *Froudi,* 22 Cl.Ct. at 297; *Noel,* 16 Cl.Ct. at 170 (citing *Golder v. United States,* 15 Cl.Ct. 513, 518 (1988)); *Torres v. United States,* 15 Cl.Ct. 212, 215–16 (1988); *LaChance,* 15 Cl.Ct. at 130.

■ In addition, plaintiff maintains that the alleged taking was the result of unlawful federal activity. Plaintiff contends that the seizure and forfeiture of his jewelry and cellular telephone were "illegal." However, to state a takings claim in this court, plaintiff must concede the lawfulness of the government action that resulted in the alleged taking. *Florida Rock Indus., Inc. v. United States,* 791 F.2d 893, 898 (1986), *cert. denied,* 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987); *see Crocker,* 37 Fed.Cl. at 195–196;

---

**3.** The Takings Clause provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V.

*Eversleigh,* 24 Cl.Ct. at 359; *Noel,* 16 Cl.Ct. at 170; *Torres,* 15 Cl.Ct. at 212; *Golder,* 15 Cl.Ct. at 518. Challenges to the propriety or lawfulness of government actions sound in tort. *Noel,* 16 Cl.Ct. at 170 (citing *Montego Bay Imports, Ltd. v. United States,* 10 Cl.Ct. 806, 809 (1986)). Consequently, plaintiff's challenge to the legality of government conduct does not fall within the jurisdiction of the court.

## II. Failure to State a Claim

■ Plaintiff also alleges a claim of illegal exaction. The Federal Circuit in *Eastport* explained that illegal exaction jurisdiction exists where "the plaintiff has paid money over to the government, directly or in effect, and seeks return of all or part of that sum" that "was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Eastport Steamship Corp.,* 372 F.2d at 1007–08, *cited in Bowman,* 35 Fed.Cl. at 400. Jurisdiction exists in illegal exaction cases even when the provisions allegedly violated do not contain money-mandating language. *Eastport Steamship Corp.,* 372 F.2d at 1007–08. Two recent opinions suggest that a wrongful forfeiture may constitute an "illegal exaction" sufficient to invoke the Tucker Act. *Litzenberger,* 89 F.3d at 818; *Bowman,* 35 Fed.Cl. at 397. In *Litzenberger,* the Federal Circuit exercised jurisdiction over plaintiff's illegal exaction claim pursuant to the "little" Tucker Act, 28 U.S.C.A. § 1346 (West Supp.1997). Although the Federal Circuit did not address whether jurisdiction could be extended to the Court of Federal Claims, there is no difference between the "little" and "big" Tucker Act, except for the dollar limits. Because the grounds for exercising jurisdiction are the same under both Acts, the Court of Federal Claims has jurisdiction over illegal exaction claims raised.[4] *See Wyatt v. United States,* 2 F.3d 398, 400 (Fed.Cir.1993); *Bowman,* 35 Fed.Cl. at 400.

In *Bowman,* plaintiff sought the return of the monetary value of his forfeited property asserting that it was taken in violation of the Double Jeopardy Clause. *Bowman,* 35 Fed. Cl. at 400. According to *Bowman,* the two requisite elements of an illegal exaction are: (1) that money is taken by the government; and (2) that a provision of the Constitution is violated in doing so. *Id.* at 401. Plaintiff alleges that the government's conduct constitutes an illegal exaction and that he is therefore entitled to the return of money that was improperly paid, exacted or taken from him in contravention of the Constitution.

■ This claim fails because plaintiff cannot establish that the property was improperly forfeited while two valid forfeiture judgments are extant. A precondition to establishing an illegal exaction claim is reversal of the forfeiture judgments against plaintiff. *Bowman,* 35 Fed.Cl. at 402. The Court of Federal Claims does not have jurisdiction to overturn either judicial or administrative forfeiture determinations because the court can neither review the substantive actions of other federal courts, nor reach the merits of decisions made in administrative proceedings. *Carney v. United States,* 199 Ct.Cl. 160, 462 F.2d 1142, 1144 (1972); *Bowman,* 35 Fed.Cl. at 401–02; *Scarano v. United States,* 34 Fed.Cl. 775, 776 (1996); *Perry,* 28 Fed.Cl. at 84; *Froudi,* 22 Cl.Ct. at 297; *Lark v. United States,* 17 Cl.Ct. 567, 571 (1989); *Noel,* 16 Cl.Ct. at 171; *Meincke,* 14 Cl.Ct. at 386; *Golder,* 15 Cl.Ct. at 519.

## III. Res Judicata

■ Defendant contends that plaintiff's claims are barred by the prior adjudication of the forfeitures in both the district court and the DEA administrative proceedings, under the doctrine of res judicata. These proceedings determined that plaintiff had no right to enjoy property used in violation of the law. Given these decisions, the issue is whether plaintiff's claims may be pursued in this court.

■ The Court of Claims has stated that "[t]he general rule is . . . . that a final decision on the 'merits' of a claim bars a subsequent action on that claim or any part thereof,

---

4. A recent opinion of this court declined to exercise jurisdiction over illegal exaction claims until either Congress or the Federal Circuit express a

clear intent to permit jurisdiction in the Claims Court. *Crocker,* 37 Fed.Cl. at 202. This court does not find this necessary.

including issues which were not but could have been raised as part of the claim." *Pittman v. United States,* 4 Cl.Ct. 321, 324 (1984) (quoting *Container Transport Int'l, Inc. v. United States,* 199 Ct.Cl. 713, 717, 468 F.2d 926 (1972)); *Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 326–27, 75 S.Ct. 865, 867–68, 99 L.Ed. 1122 (1955); *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Ray v. United States,* 209 Ct.Cl. 761, 765, 1976 WL 23860 (1976); *Creek Nation v. United States,* 168 Ct.Cl. 483, 488 (1964). In determining whether principles of res judicata apply, the court must examine three factors: (1) whether the parties involved are legally identical; (2) whether the transaction or events underlying the claims are substantially related; and (3) whether the non-moving party had a "full and fair opportunity to litigate" the original claim. *Reidt v. United States,* 13 Cl.Ct. 741, 744 (1987).

The first factor requires that the parties involved in both cases be legally identical. In the instant case, this is not in dispute. The second factor requires that the transaction underlying the claims in the first action be substantially related to the transaction underlying the claims in this action. Generally, a plaintiff must assert all claims arising out of the same transaction or occurrence at once. *Roberson Lumber Co. v. United States,* 4 Cl.Ct. 436, 438 (1984). As a result, if the underlying facts are identical in both suits, then the claims are also identical. Here, the forfeitures are underlying all of plaintiff's claims. This is exactly what was litigated in both the district court and the administrative proceedings. Thus, the second prong is met as the transactions and the claims are substantially related. The final question that remains is whether plaintiff had a full and fair opportunity to litigate in the forfeiture proceedings. Plaintiff argues that he did not because his attorney failed to respond and participate in either the district court or administrative proceedings. As a result, the district court entered a default

judgment and the administrative agency automatically forfeited his property.

The fact that the district court's judgment is a default judgment does not affect the application of res judicata.

> A party may bring a collateral attack on a previous default judgment if it can show lack of personal jurisdiction, or fraud, but "[i]f entered by a court having jurisdiction of the parties and subject matter, and absent fraud or collusion, even a default judgment operates as res judicata and is conclusive of whatever is essential to support the judgment."

*Pittman,* 4 Cl.Ct. at 324 (quoting *Kapp v. Naturelle, Inc.,* 611 F.2d 703, 707 (8th Cir. 1979)) (citations omitted); *see Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982); *Baldwin v. Men's Traveling Ass'n,* 283 U.S. 522, 526, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931); *Morris v. Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 455–56, 91 L.Ed. 488 (1947). Because the United States District Court of Oklahoma issued a final judgment that plaintiff was in default and forfeited his rights to the currency, the doctrine of res judicata precludes this court from reconsidering that claim. As for the DEA administrative proceeding in which plaintiff's property was forfeited, the principles of res judicata may also apply.[5] *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *Bio–Technology Gen. Corp. v. Genentech, Inc.,* 80 F.3d 1553 (Fed.Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 274, 136 L.Ed.2d 197 (1996). If plaintiff felt the prior decisions were in error, his appropriate avenues for redress would have been to file a motion to reopen the case in the district court, or to file a petition for remission or mitigation of the administrative forfeiture.

Plaintiff's takings claim, excessive fines claim and illegal exaction claim should have been raised as a defense in the original forfeiture proceedings. As a result, these

---

**5.** Even if res judicata does not apply, under the Administrative Procedures Act, 5 U.S.C. § 704 (1994), plaintiff must fully exhaust his administrative remedies before raising the issue in anoth-

er court. *McCarthy v. Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). As noted earlier, plaintiff has not done so.

claims are barred by the doctrine of res judicata.[6]

## CONCLUSION

For the foregoing reasons, the court concludes that plaintiff has failed to establish subject matter jurisdiction and a valid claim upon which relief can be granted by the court. Thus it is ordered that defendant's motion to dismiss is granted.

**IT IS SO ORDERED.**

---

6. Even if the double jeopardy claim is not barred by res judicata, this court has previously determined that it lacks subject matter jurisdiction over the claim.