**Rafael GUTT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 85–1088(R).**

United States District Court, W.D. Virginia, Roanoke Division.

Aug. 12, 1986.

John S. Edwards, Martin, Hopkins, Lemon and Carter, Roanoke, Va., for plaintiff.

Richard W. Pierce, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff Rafael Gutt filed this action challenging the seizure and administrative forfeiture of six Mercedes-Benz automobiles seized by the United States Drug Enforcement Administration ("DEA"). Currently before the court are the defendant's motion to dismiss and the plaintiff's motion for summary judgment. For the reasons set forth below, the plaintiff's motion for summary judgment will be granted in part, and defendant's motion will be denied.

### BACKGROUND

On June 14, 1985, Gutt was staying at the Patrick Henry Hotel in Roanoke, Virginia when six Mercedes-Benz automobiles he allegedly owned were seized by agents of DEA. The six automobiles were valued at approximately $135,000.00. While Gutt was not the registered owner of the automobiles, at the time of the seizure he indicated to the DEA agents that he had an ownership interest in the vehicles. Following the seizure, Gutt retained counsel to represent him in any forfeiture proceedings instituted by DEA, and returned to Israel, where he is a citizen.

On July 5, 1985, counsel for Gutt filed a claim with DEA for the return of the seized autos. A letter sent with the claim requested that all notices and correspondence regarding the vehicles be sent to counsel in Roanoke.

On August 7, 1985, DEA sent a letter informing Gutt of the proposed forfeiture of the vehicles by certified mail, return receipt requested, to Gutt at the Patrick Henry Hotel. DEA claims that it did so because Gutt indicated to the agents seizing the vehicles that he could be reached at the Patrick Henry.[1] The letter was re-

1. Gutt denies ever telling the DEA agents to correspond with him at the hotel.

2. Telc was a companion of Gutt.

3. Gutt also contends that the seizure of the vehicles was unconstitutional. The court has taken this under advisement.

turned to DEA undelivered on August 23, 1985. Because of bureaucratic mixups at DEA, no notice of the proposed forfeiture was sent to Gutt's counsel.

In late August and early September, 1985, DEA's records indicate that a proposed forfeiture of vehicles "seized from Robert Telc"[2] was advertised in the main Roanoke newspaper. The notice advised that parties wishing to contest the forfeiture should file a claim with DEA before September 17, 1985. No claims were filed in response to the notice, and on October 16, 1985, DEA declared the six Mercedes forfeited.

On October 17, 1985, Gutt's counsel, still unaware that forfeiture proceedings had ever been initiated, wrote DEA and forwarded documents supporting Gutt's claim that the vehicles should not be forfeited. Gutt's counsel forwarded additional information to DEA on October 23. At no time prior to this had DEA responded to counsel regarding the proposed forfeiture.

By a series of letters dated November 8, 1985, DEA sent its first response to Gutt's counsel. The letters were all form letters denying Gutt's petitions for remission or mitigation of the seized property. Dissatisfied with DEA's explanation of its denial of the petition, Gutt's counsel requested further explanation and reconsideration of DEA's decision. DEA declined, and this suit followed.

### THE PRESENT CONTROVERSY

Gutt contends that DEA improperly forfeited the six automobiles, and seeks to vacate the forfeiture and recover the vehicles or their value, plus damages.[3] Gutt offers two primary theories to support his contention.[4] First, Gutt asserts that since

4. Gutt raises additional challenges to the DEA actions. For instance, Gutt contends that his petition for remission was not processed with reasonable diligence. Gutt also contends that his property was taken for public use without just compensation, in violation of the Fifth Amendment. Finally, Gutt contends that administrative forfeiture proceedings that bar judicial review are unconstitutional. In light of the

the automobiles in question were worth over $100,000.00, it was improper for DEA to administratively forfeit the vehicles. Second, Gutt asserts that even if administrative forfeiture of the vehicles was permissible, DEA's failure to notify him of the forfeiture proceedings denied Gutt his rights under 19 U.S.C. § 1607 and the Fifth Amendment's Due Process Clause. The court will consider these assertions in turn.

## A. WAS JUDICIAL FORFEITURE REQUIRED?

Gutt initially asserts that DEA was required to forfeit the automobiles judicially rather than in administrative proceedings. The court disagrees.

19 U.S.C. § 1607(a)(1) provides for administrative forfeiture of seized property "if the value of such seized vessel, vehicle, aircraft, merchandise or baggage does not exceed $100,000." Gutt notes that the total value of the six vehicles seized from him was approximately $135,000, and that the vehicles were all seized at the same time. Under these circumstances, Gutt contends, the vehicles could not be forfeited administratively under § 1607(a)(1). Thus, Gutt would have required DEA to forfeit the vehicles judicially, under 19 U.S.C. § 1610.

■ Gutt's argument, however, is inconsistent with the express language of § 1607(a)(1). The statute explicitly refers to the value of *individual* vessels, vehicles and aircraft, not to the collective value of a group of seized vessels, vehicles or aircraft. Only "merchandise" and "baggage," as those terms are commonly used, could be read to refer to collective, rather than individual unit, values. Therefore, when numerous automobiles are seized from a private individual by the government at one time, § 1607(a)(1) does not require the government to aggregate the value of all the seized property to determine whether judicial forfeiture is required.

Interpreted in this way, § 1607(a)(1) appropriately places the emphasis in distinguishing judicial and administrative forfeitures on the value of the piece of property seized, rather than on the circumstances of seizure. Gutt's argument that the vehicles' values must be aggregated because all six autos were seized simultaneously relies entirely on the circumstances of the seizure, which are unimportant to § 1607.

■ This interpretation of § 1607 is also consistent with the legislative history of the recent amendments to § 1607. Prior to 1984, administrative forfeiture was only permitted in cases where the value of property seized was less than $10,000. In October 1984, however, Congress amended § 1607 to read as it now stands. The purpose of this and related amendments was to enhance the use of forfeiture as a law enforcement tool, *see* S.Rep. No. 98–225, 98th Cong., 2d Sess. 191, 217–18, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182 at 3374, 3400–401, and to "expand the availability of efficient administrative forfeiture proceedings." *Id.* at 198, *reprinted in* 1984 U.S. Code Cong. & Ad. News at 3381. Were this court to adopt Gutt's argument and require the government to judicially forfeit simultaneously seized vehicles when their aggregate value exceeds $100,000, it would restrict rather than enhance the use of the administrative forfeiture mechanism. In the face of Congress' express intent to increase the use of administrative forfeiture, the court is unable to construe § 1607 as Gutt desires.

## B. WAS THE ADMINISTRATIVE FORFEITURE PROPERLY CONDUCTED?

Gutt contends that the DEA's forfeiture of the six Mercedes was improper because he never received notice of the proposed forfeiture. The court agrees.

§ 1607 plainly requires: "Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in

court's disposition of the case, these issues need not be reached.

the seized article." Indeed, DEA does not contest that Gutt was entitled to notice of the proposed forfeiture. DEA contends, however, that Gutt cannot complain of a lack of notice in this case. DEA asserts that Gutt informed the agents seizing the automobiles that any correspondence regarding the vehicles should be sent to Gutt at the Patrick Henry Hotel in Roanoke. DEA suggests that it provided Gutt with all the notice required when it sent the notice to the Patrick Henry on August 7. DEA also notes that newspaper ads regarding the proposed forfeiture were placed in the Roanoke newspapers for a three-week period in August and September 1985.[5]

DEA plainly cannot rely on publication notice to satisfy the requirements of § 1607 and due process since Gutt had indicated he had an interest in the vehicles and wished to contest any forfeiture. *Menkarell v. Bureau of Narcotics*, 463 F.2d 88, 94–95 (3d Cir.1972); *Jaekel v. U.S.*, 304 F.Supp. 993, 998–99 (S.D.N.Y.1969). In addition, the court concludes that the notice sent to the Patrick Henry was insufficient under the circumstances. In the first place, there is evidence in the record that DEA knew that Gutt was no longer at the hotel even before the August 7 letter was sent. More important, however, are the facts that DEA knew Gutt was represented by counsel, that Gutt's counsel had requested to be kept informed of any developments regarding the seizure, and that DEA simply failed to provide notice of the proposed forfeiture to Gutt's counsel. It was only after DEA had forfeited the vehicles that Gutt's counsel was contacted. Thus, the court concludes that Gutt was denied the notice to which he was entitled by § 1607, and DEA's forfeiture of the six vehicles must be set aside. *See Winters v. Working*, 510 F.Supp. 14, 17 (W.D.Tex. 1980).

### C. GUTT'S REMEDY

As mentioned above, Gutt's complaint seeks not only to set aside the administra-tive forfeiture, but also to recover the cars and damages. While the court is convinced that the forfeiture must be vacated, the remainder of the relief Gutt seeks must be denied. Gutt suggests no legal basis for an award of damages for an improper forfeiture, and the court is aware of none. In addition, Gutt's request for the cars must fail. The court's action setting aside the forfeiture does not invalidate DEA's seizure of the vehicles, and is without prejudice to the government's commencing new forfeiture proceedings regarding the vehicles in accordance with the requirements of law.

### CONCLUSION

For the reasons set forth above, Gutt's motion for summary judgment is granted in part, and the administrative forfeiture of the automobiles is vacated. In addition, DEA's motion to dismiss is denied.

---

**5.** The government also asserts that it believes Gutt had actual notice of the forfeiture proceed-ing. There is no support for this assertion in the record.