Framarz **FROUDI**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 90–707C.

United States Claims Court.

Jan. 14, 1991.

Reconsideration Denied Feb. 5, 1991.

Framarz Froudi, San Luis Obispo, Cal., pro se.

Vanessa P. Sciarra, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

1. Set forth are the unchallenged allegations of

## OPINION

REGINALD W. GIBSON, Judge.

### Introduction

Plaintiff, Framarz Froudi, alleges in his complaint that the United States Drug Enforcement Administration (DEA) conducted forfeiture proceedings of his automobile and briefcase in violation of his statutory and constitutional rights. The complaint seeks equitable declaratory and injunctive relief, as well as just compensation for the taking of said property. The case is before the court on defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. For the reasons set forth below, the court will stay consideration of plaintiff's just compensation claim pending resolution of all appropriate district court proceedings. The remainder of plaintiff's complaint, *i.e.*, equitable in nature, which states a claim outside the jurisdiction of this court, will be transferred to the appropriate United States District Court.

### FACTS [1]

#### A. Background

On March 3, 1987, Framarz Froudi was arrested for violating California narcotics laws and was confined in the Los Angeles County Jail. As a consequence thereof, Froudi was convicted of narcotics violations on December 29, 1987, and was sentenced to eight years in state prison. Froudi remained in the custody of the Los Angeles County Sheriff's Department from March 3, 1987 to February 22, 1988. On February 23, 1988, he was removed to Chino Reception Center, California Department of Corrections, where he remained until March 29, 1988, when he was transferred to the Corcoran State Prison, Corcoran, California. Thereafter, on February 2, 1990, plaintiff was transferred to the California Men's Colony, West Facility, San Luis Obispo, California. We believe plaintiff remains incarcerated thereat to this day.

At the time of his arrest, Froudi's 1984 Mercedes–Benz 500 SEC automobile was seized by the Los Angeles police. His lizard skin briefcase, allegedly worth $600, was also in the car and apparently was

plaintiff's complaint.

seized as well. On April 27, 1987,[2] DEA sent notices by certified mail, return receipt requested, to Froudi at his home address (960 Larrabee, Apt. 228, Los Angeles, California) and at the Los Angeles County Jail (441 Bauchet St., Los Angeles, California), stating DEA's intention to forfeit his car. The forfeiture was to be conducted pursuant to 21 U.S.C. § 881,[3] which provides for forfeiture of vehicles used to transport or to facilitate the sale of controlled substances. The notices, which were required by 19 U.S.C. § 1607 to be sent to persons known to have an interest in property to be forfeited, set forth Froudi's right to contest the forfeiture and the appropriate procedures Froudi should follow to do so. Both notices were returned to sender, DEA, undelivered.

In addition to the foregoing, the DEA apparently published notice of the impending forfeiture for three consecutive weeks in a newspaper of general circulation (*USA Today*) in Los Angeles. On September 21, 1987, DEA forfeited Froudi's car, which it valued at $40,000, in an administrative proceeding. Froudi alleges that had he received notice of the forfeiture, he would have posted the required bond and contested the forfeiture. Further, the facts are indisputable that at the time the notice was

**2.** The DEA's letter of July 25, 1988, to plaintiff's counsel transmitting a copy of the notice advised that "the Notice of Seizures ... were sent ... on April 27, 1988." The year is an apparent typographical error in that the attached notice clearly reflects a date of "4/27/87."

**3.** 21 U.S.C. § 881(a) provides:
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
\* \* \* \* \* \*
(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances or drug paraphernalia].

**4.** The complaint does not *expressly* request return of the car. However, in his opposition to defendant's motion to dismiss, plaintiff states that "in essence this is an action for the *return* of personal property." (Emphasis added.) In *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1099 (9th Cir.1990), the court stated:

mailed, Froudi was in the custody of local authorities.

### B. Froudi's Complaint

Froudi's complaint is *pro se*, and thus should be held to less stringent standards than pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh. denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The two counts of the complaint allege, *inter alia*: (i) a violation of Froudi's procedural due process rights, due to DEA's failure to give the statutory notice of the impending forfeiture proceedings; and (ii) a substantive claim for a taking of property for public use without just compensation. More particularly, Froudi's complaint can be construed as seeking the following:

(1) A declaration of the rights of the parties under 28 U.S.C. § 2201 (the federal Declaratory Judgment Act);

(2) An order setting aside the forfeiture and compelling new forfeiture proceedings under 5 U.S.C. § 702 (the Administrative Procedure Act) (APA);

(3) An order compelling the return of the briefcase;[4] and

(4) In the alternative, just compensation under the Fifth Amendment, for the taking of Froudi's car and briefcase.[5]

Appellant's complaint seeks the return of forfeited property or, in the alternative, monetary compensation in the amount of its ownership or security interest. Return of forfeited property is an equitable remedy. *See, e.g., Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 2732–33, 101 L.Ed.2d 749 (1988) (defining an equitable remedy in part as an action for specific relief "which may include an order.... for the recovery of specific property"); *Willis v. United States*, 787 F.2d 1089, 1092–93 (7th Cir.1986). *See generally* D. Dobbs, Remedies § 4.4 (1973). A party's request for money damages in the alternative to equitable relief does not alone alter the equitable character of the relief requested.

**5.** Froudi does not actually pray for money damages, because he construes the *Gutt* case, discussed below at p. 298, to hold that money damages for wrongful forfeiture are not available as a matter of law. Froudi misinterprets *Gutt*, which in any event does not bind this court. Because Froudi's second claim for relief is captioned "Taking for Public Use Without

Defendant has moved to dismiss Froudi's complaint for lack of subject matter jurisdiction.

### Positions of the Parties

#### Defendant

Defendant argues that plaintiff's complaint, seeking declaratory and injunctive relief for alleged constitutional violations, falls outside the jurisdiction of the Claims Court. According to defendant, plaintiff's entire complaint fails to aver one of the very limited settings in which the Claims Court can grant equitable relief.

#### Plaintiff

Plaintiff argues in opposition to defendant's motion to dismiss that his complaint is sufficient to state a claim that is monetary in nature, and for that reason, jurisdiction in the Claims Court is proper. He further contends that the remedy sought here, namely, setting aside the forfeiture with the ultimate goal of obtaining the *return* of the car and briefcase, is the only remedy available to him under the circumstances. Thus, plaintiff reasons that because the property is worth more than $10,000, he must bring suit in the Claims Court under the Tucker Act. Alternatively, plaintiff asks that this case be transferred to an appropriate United States District Court, should it be determined that this court lacks jurisdiction.

### DISCUSSION

#### I. Scope of the Court's Opinion

While not precisely postured by defendant's motion to dismiss, this case requires the court to determine—whether, in a challenge to an administrative forfeiture, the Claims Court has the power, *i.e.*, the jurisdiction, to: (i) nullify the forfeiture and order new forfeiture proceedings; or (ii) in the alternative, order the return of property; or (iii) in the alternative, entertain a claim for just compensation for wrongful forfeiture. If the court concludes that it cannot hear any of plaintiff's claims, it

must then decide—whether to dismiss the case for want of jurisdiction, or whether this is a proper case for transfer to an appropriate United States District Court.

We conclude, for the reasons delineated hereinafter—(i) that the portions of plaintiff's complaint praying for injunctive and declaratory relief clearly fall outside of the limited jurisdiction of this court, and will be transferred to the United States District Court for the Central District of California; and (ii) with respect to the just compensation claim, we hold that, assuming it is well pled, it is not ripe for decision. However, in view of the extant circumstances described below, said just compensation claim will not be dismissed, but will be stayed pending a resolution of the issues transferred to the United States District Court.

### II. Declaratory and Injunctive Relief

■ In his first claim for relief, alleging violation of plaintiff's due process rights, Froudi prays that:

(i) the rights of the parties be declared;

(ii) the court set aside the administrative forfeiture of the automobile;

(iii) the court order defendant to proceed with new forfeiture proceedings; and

(iv) the court order defendant to return plaintiff's lizard skin briefcase.

The substance and literal words of plaintiff's prayer lead to one conclusion, namely, that in his first claim, plaintiff seeks pure, unadulterated, equitable relief. As the Supreme Court explained in *Bowen v. Massachusetts*, 487 U.S. 879, 893, 108 S.Ct. 2722, 2731–32, 101 L.Ed.2d 749 (1988):

Our cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with back pay, or for "the recovery of specific property ..., eject-

Just Compensation," and in light of the facts alleged in the complaint, the complaint should

be construed as encompassing an alternative claim for just compensation.

ment from land, or injunction either directing or restraining the defendant officer's actions." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688, 69 S.Ct. 1457, 1460–61, 93 L.Ed. 1628 (1949).

In his first claim for relief, plaintiff seeks a declaration of the rights of the parties, and either restoration of his property, or an order directing DEA to conduct new forfeiture proceedings. Clearly, such relief is "equitable" as defined in *Bowen*. *See also Marshall Leasing Inc. v. United States*, 893 F.2d at 1099.

Froudi avers, regarding the foregoing, that the court has the power to grant the equitable relief he seeks in his first claim on the bases of 28 U.S.C. § 1346,[6] 28 U.S.C. § 2201,[7] 5 U.S.C. § 702,[8] and the Due Process clause of the Fifth Amendment.[9] However, none of these provisions furnishes a basis for this court to take jurisdiction

over Froudi's first claim for relief. The four proffered bases for jurisdiction will be discussed seriatim.

■ 28 U.S.C. § 1346 concerns the jurisdiction of the United States District Courts. Section 1346(a)(2) vests United States District Courts with jurisdiction, concurrent with the Claims Court, over claims against the United States based on the Constitution, Acts of Congress, regulations of an executive department, or express or implied contracts for damages "not exceeding $10,000." Clearly then, § 1346 is *not* a statutory grant of jurisdiction to the United States Claims Court.

Froudi apparently means to argue that since the car is worth *more* than $10,000, the district court lacks jurisdiction under 28 U.S.C. § 1346(a), and therefore, Froudi has no choice but to sue in the Claims Court under 28 U.S.C. § 1491.[10] *See Bowen*, 487

6. 28 U.S.C. § 1346 provides in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

\* \* \* \* \* \*

(2) Any ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....

7. 28 U.S.C. § 2201 provides:

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of Canadian merchandise, as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
(b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act.

8. 5 U.S.C. § 702 provides:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

9. The Fifth Amendment provides in part that "No person shall ... be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

10. 28 U.S.C. § 1491 provides in relevant part:

(a)(1) The United States Claims Court shall have jurisdiction to render judgment upon

U.S. at 910 n. 48, 108 S.Ct. at 2740 n. 48 (Claims Court's jurisdiction over Tucker Act claims for more than $10,000 is "exclusive" insofar as "Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court"). However, the value ($40,000) of the property forfeited does not, *ipso facto*, change the fundamental nature of the relief sought in Froudi's first claim from equitable to a money judgment.

> It is a rudimentary requirement, in establishing jurisdiction in the U.S. Claims Court, that the claim asserted be one which, if successful, would entitle the plaintiff to a recovery of actual, presently due money damages. *United States v. Testan*, 424 U.S. 392, 397–98 [96 S.Ct. 948, 953, 47 L.Ed.2d 114] [ (1976) ], *citing United States v. King*, 395 U.S. 1, 2–3 [89 S.Ct. 1501, 1501–02, 23 L.Ed.2d 52] (1969).

*Manning v. United States*, 7 Cl.Ct. 128, 132–33 (1984).

■ With respect to the second averred ground, it is hornbook law, at this date, that the Claims Court also lacks jurisdiction to grant declaratory relief under 28 U.S.C. § 2201. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *Beachboard v. United States*, 727 F.2d 1092, 1094 (Fed.Cir.1984). Froudi argues that the court has authority to issue a declaratory judgment where it is "tied and subordinate to a monetary award," but an order that DEA conduct new forfeiture proceedings, or an order that DEA return the car and briefcase, are not monetary awards.[11] Exceptions to the rule against declaratory judgments in the Claims Court "require a specific statute waiving sovereign immunity and authorizing declaratory judgments." *Beachboard*, 727 F.2d at 1094. The court in *Beachboard* cited 26 U.S.C. § 7428(a)(1) (tax refund suits) and 28 U.S.C. § 1491(a)(3) (actions challenging award of a government contract) as examples of specific statutes authorizing declaratory judgments in the Claims Court. However, Froudi's first claim for relief does not fall under either of those statutes. It is sufficient to say that Froudi fails to cite to any statute that would authorize this court to issue a declaratory judgment on the facts as alleged in the case at bar, and the court is aware of none.

■ Likewise, 5 U.S.C. § 702 cannot serve as a jurisdictional basis. Section 702 by its own terms is limited to actions for review of agency action seeking relief *other than money damages*. *See supra* note 8. Yet, as noted above, in order for the Claims Court to have jurisdiction, a litigant must assert a claim which, if successful, would entitle the plaintiff to recover actual, presently due money damages. *Manning*, *supra*. Thus, since § 702 does not give this court authority to grant presently due money damages or review DEA action to determine whether such action comported with statutory or Constitutional notice requirements, plaintiff cannot bottom jurisdiction in this court for the equitable relief sought under his first claim.

■ Finally, claims premised exclusively on allegations of a violation of due process rights are similarly outside the jurisdiction of the court, since the due process clause of the "Fifth Amendment does not, *ipso facto*, mandate a money payment, and, therefore, cannot serve as the sole basis for this court's Tucker Act jurisdiction. *See Walton v. United States*, 213 Ct.Cl. 755, 757 (1977)." *Free v. United States*, 17 Cl.Ct. 488, 495 (1989). And, to the extent that Froudi states a claim for violation of 21 U.S.C. § 881 and 19 U.S.C. § 1607, such claims are also outside the court's jurisdiction, as those provisions cannot be construed to mandate the payment of money. *See Grav v. United States*, 886 F.2d 1305

---

any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express of implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

11. Admittedly, Froudi's claim for just compensation is for money damages. However, as discussed below, such a claim is not presently ripe. Accordingly, the just compensation claim cannot serve as an anchor for primary declaratory relief.

(Fed.Cir.1989) (Claims Court's jurisdiction over a claim based on statute is triggered *only* when the statute mandates the payment of money).

Given the foregoing, and with the exception of the claim averred for just compensation, we hold that Froudi's complaint fails to state a claim within the Claims Court's jurisdiction.

### III. The Just Compensation Claim

■ In his second claim for relief, Froudi alleges a taking of property for public use without just compensation, in violation of the Fifth Amendment of the U.S. Constitution. Such a claim comes within the Claims Court's jurisdiction under 28 U.S.C. § 1491(a)(1), *supra* note 10.

■ In considering a motion to dismiss, the unchallenged allegations of the complaint are to be construed in favor of the plaintiff. *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). Thus, the court must assume for purposes of the motion that Froudi's car has been *taken* by DEA, acting under authority of 21 U.S.C. § 881(a)(4), and that Froudi has *not received any compensation.*[12]

■ However, this court cannot adjudicate the just compensation claim at this time. If the car was used for illicit activity, then Froudi had no Constitutionally-protected property interest in the car, *see generally Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452, *reh. denied,* 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974), and his just compensation claim would fail. *See also* 21 U.S.C. § 881(a)(4) (no property right exists in vehicles used to transport or to facilitate the sale of controlled substances). In other words, in order for Froudi to prevail on his just compensation claim, the court must be satisfied that the

car was not used for illicit activity. However, DEA has made a determination, at this posture, that the car *was* used for illicit activity, and for the reasons set forth in section II above, this court lacks jurisdiction to entertain what amounts to a collateral attack on the DEA determination, *i.e.,* this court has no power to declare DEA's determination on the merits of the forfeiture incorrect. Until a court with authority over such matters determines that the car was not used for illicit activity, this court cannot reach Froudi's just compensation claim.

■ The court is aware of authority that suggests that just compensation is not available for wrongful forfeiture. *See Noel v. United States,* 16 Cl.Ct. 166, 170 (1989); *Torres v. United States,* 15 Cl.Ct. 212, 215–216 (1988). In *Noel* and *Torres,* the court dismissed challenges to alleged wrongful forfeitures brought under the just compensation clause, since plaintiffs in those cases alleged that DEA officials had acted outside the scope of their authority under 21 U.S.C. § 881; the court held that a taking claim is made out only when plaintiffs allege that the relevant government officials were authorized to act as they did.

In the case at bar, and contrary to *Torres* and *Noel,* there is no allegation that DEA agents were acting outside the scope of their authority under 21 U.S.C. § 881. Moreover, the Notice of Seizure (under DEA letterhead) which Froudi appends to his complaint *cites § 881 as the statutory authority* for the forfeiture. Clearly, on the facts here, DEA agents were authorized by statute to seize and to forfeit Froudi's car. *See Portsmouth Harbor Land & Hotel Co. v. United States,* 260 U.S. 327, 43 S.Ct. 135, 67 L.Ed. 287 (1922) (landowner could sue for taking without just compensation, in connection with Army

---

**12.** The fact that Froudi was convicted of narcotics violations is not dispositive of the issue of whether the forfeiture of the car was proper. In an *in personam* forfeiture, property is forfeited as a penalty against the defendant in a criminal action, regardless of whether the property itself was used in criminal activity. By contrast, in an *in rem* forfeiture, property is forfeited where the property itself has been the situs, or facilitated the commission, of a crime, irrespective of the guilt or innocence of the owner. *Shelden v. United States,* 19 Cl.Ct. 247, 254 (1990). Section 881(a)(4) by its terms is an *in rem* forfeiture provision, requiring the government to show that the property itself—not the owner thereof—was involved in criminal activity.

guns fired over property; argument that Army officers lacked authority to appropriate land rejected as irrelevant, since Army officers had authority to fire guns). Thus, *Noel* and *Torres* are distinguishable, and in fact, support jurisdiction over Froudi's claim.[13] *See LaChance v. United States,* 15 Cl.Ct. 127 (1988) (Claims Court could have taken jurisdiction over a just compensation claim alleging wrongful forfeiture, but for the fact that plaintiff did not plead a taking without just compensation).

Finally, *pro se* Froudi, much to his credit, brings what he believes to be adverse authority to the attention of the court. Froudi reads *Gutt v. United States,* 641 F.Supp. 603 (W.D.Va.1986), to hold that just compensation is not available for wrongful forfeiture. In *Gutt,* the court set aside a forfeiture under 19 U.S.C. § 1607 due to DEA's failure to properly notify the owner of the impending forfeiture of the seized vehicles. The court stated that newspaper notices were not sufficient for due process purposes. 641 F.Supp. at 606. The court went on to say that it was not setting aside the seizure of the vehicles, and that DEA was free to conduct forfeiture proceedings anew. *Id.* The court also stated that Gutt had no right to damages for wrongful forfeiture. *Id.*

However, that result was compelled because the court granted Gutt's request for notice and a chance to be heard, *i.e.,* the court ensured that due process would be satisfied in the new, properly-conducted forfeiture proceedings. We do not read *Gutt* to say that just compensation is not available in a case where a forfeiture set aside does not make a plaintiff whole.

### IV. Transfer to District Court (Claim for Equitable Relief) And Stay of Proceedings (Taking Claim)

28 U.S.C. § 1631 provides in relevant part:

Whenever a civil action is filed in a court ... including a petition for review of administrative action, ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed, ... and the action ... shall proceed as if it had been filed in ... the court to which it was transferred on the date upon which it was actually filed in ... the court from which it was transferred.

 Whether a claim should be transferred from the Claims Court to a district court rests within the sound discretion of the Claims Court. *Williams Intern. Corp. v. United States,* 7 Cl.Ct. 726, 731 (1985). Further, whether a transfer would be in the interest of justice turns on the peculiar facts and circumstances of each case. *Bienville v. United States,* 14 Cl.Ct. 440, 445 (1988). The Ninth Circuit recently held that a district court has jurisdiction to entertain a challenge to a forfeiture based on a claim of inadequate notice, and that the United States waived sovereign immunity against such a claim in 5 U.S.C. § 702. *Marshall Leasing, Inc. v. United States,* 893 F.2d at 1098, 1102. There is no doubt, then, that Froudi's first claim for relief, which is purely equitable in nature, is within the jurisdiction of United States District Court for the Central District of California.

Further, with respect to the claim for declaratory and injunctive relief, it is not clear what the applicable statute of limitations is, or when the claim accrued. The interest of justice requires, therefore, that rather than dismissing the case and requiring Froudi—a *pro se* litigant presently incarcerated—to reinstitute proceedings in

---

**13.** An additional ground for distinction exists. In *Noel* and *Torres,* plaintiffs filed suit in the Claims Court for just compensation, after their petitions for remission of a forfeiture under 21 U.S.C. § 881 were denied by DEA. A petition for remission of a forfeiture *presumes* that the property was used for illicit activity, and merely asserts some equitable reason why DEA should not forfeit the property. *Kiefer v. Department of Justice,* 687 F.Supp. 1363, 1365 (D.Minn. 1988). Here, the presumption is precisely the opposite; Froudi asserts that the car was not used for illicit activity, and the court must assume that to be true solely for purposes of the motion to dismiss. *Hamlet, supra.*

California, the court is constrained to transfer the case to the United States District Court for the Central District of California. The question of whether Froudi's briefcase should be returned is inextricably tied to the propriety of the forfeiture of the car, and therefore, that too is better left for the district court, with full equitable powers, to resolve.

 Finally, and with respect to the taking claims, the court will stay consideration of Froudi's just compensation claim, rather than dismiss it. In light of the pace of litigation in federal courts, it is a distinct possibility that the proceedings to be undertaken in California, pursuant to the transfer, may not be definitively resolved before 1993. This circumstance could present a problem in this court relative to the stayed claim, inasmuch as Froudi's car was seized on March 3, 1987, and the statute of limitations on Froudi's claim for just compensation is six years. 28 U.S.C. § 2501. Thus, if this court were to dismiss Froudi's just compensation claim and force him to refile when the claim becomes ripe, because he is unable to obtain full relief in the District Court, Froudi, given his impediments, might be forced to litigate a statute of limitations issue in the Claims Court. To obviate such a probability, the court will retain jurisdiction over the just compensation claim, and stay proceedings thereon, pending resolution of the issues before the California courts.

 We observe that transferring Froudi's claim for declaratory and injunctive relief to a district court, while retaining jurisdiction over the just compensation claim, does not on the facts here run afoul of 28 U.S.C. § 1500.[14] That statutory provision divests the Claims Court of jurisdiction over claims against the United States where the plaintiff has a prior pending suit in another court. However, "section 1500 [is] not applicable [under the so-called] *Casman* exception[,] which [exception] applies

where a different type of relief is sought in the district court (equitable) from that sought in the [Claims Court] (money)." *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1566 (Fed.Cir.1988), *cert. denied*, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989) (relying on *Casman v. United States*, 135 Ct.Cl. 647 (1956)).

### Conclusion

For the foregoing reasons, that portion of the complaint seeking equitable relief (declaratory and injunctive) is hereby transferred in the interest of justice to the United States District Court for the Central District of California. The just compensation claim is stayed pending final resolution of the issues transferred pursuant to 28 U.S.C. § 1631. Defendant shall file with this court status reports relative thereto every 90 days, the first being due on or before April 15, 1991.

IT IS SO ORDERED.

## ON MOTION FOR RECONSIDERATION

This memorandum addresses defendant's motion for reconsideration of the court's January 14, 1991 opinion, in which the court: (i) denied defendant's motion to dismiss for lack of subject matter jurisdiction; (ii) stayed proceedings on plaintiff's just compensation claim, pending resolution of litigation on related issues transferred to the United States District Court for the Central District of California; and (iii) directed that defendant file status reports with this court at 90–day intervals, apprising the court of the progress of the district court proceedings. That opinion contains a full statement of the background of this case, and is incorporated herein by reference.

In its motion, defendant makes two requests. First, defendant asks the court to dismiss plaintiff's claim for just compensation, on the basis that plaintiff cannot state

---

**14.** 28 U.S.C. § 1500 provides:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who,

at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

such a claim on the facts alleged. Second, defendant asks that should the court deny its first request, it be relieved from its requirements to provide the court with status reports on the proceedings in the district court. For the reasons set forth below, both of defendant's requests are denied.

■ Generally, a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court. *Weaver–Bailey Contractors v. United States*, 20 Cl.Ct. 158 (1990). The instant motion for reconsideration, however, does not merely rehash arguments already made and rejected. In its motion to dismiss and briefing thereon, defendant did not address whether plaintiff could make out a just compensation claim, because defendant did not construe plaintiff's complaint as alleging a just compensation claim. Rather, the instant motion for reconsideration is directed to the court's *sua sponte* conclusion that plaintiff's complaint states a claim for just compensation, and for that reason, the motion is properly interposed.

## I. Whether plaintiff can state a claim for just compensation

The court has already ruled that if Froudi's car was used for illicit activity, then he had no constitutionally-protected property right in the car, and his taking claim would fail as a matter of law. At 297 (Jan. 14, 1991). The court did not dismiss the just compensation claim, however, because Froudi alleges that his car was *not* used for illicit activity, and the court accepted that unchallenged allegation as true in ruling on defendant's motion to dismiss. At 297 (Jan. 14, 1991). Defendant argues in its motion for reconsideration that assuming that the car was not used for illicit activity, Froudi's just compensation claim also fails as a matter of law. The court rejects defendant's argument because it relies on an erroneous premise.

■ Defendant's position is that if one assumes, as the court must, that Froudi's car was not used for illicit activity, it follows that the DEA agents had no authority to seize and to forfeit Froudi's car. After all, 21 U.S.C. § 881(a)(4), the statutory basis on which the DEA relied in conducting the forfeiture, provides that only vehicles used to transport or to facilitate the sale of controlled substances or drug paraphernalia are subject to seizure and forfeiture. Defendant points out that a just compensation cause of action does not lie for the loss of property occasioned by the unauthorized acts of government officials. Thus, concludes defendant, if Froudi's car *was used* for illicit activity, he had no property right in the car and his just compensation claim fails; conversely, if the car *was not used* for illicit activity, the actions of the DEA agents were unauthorized, and again, Froudi's just compensation claim fails.

Defendant's argument relies on the premise that the actions of DEA agents engaged in seizing and forfeiting property under 21 U.S.C. § 881 are unauthorized if the seized property was not *actually used* for illicit activity. This is erroneous. Under 21 U.S.C. § 881, DEA agents are authorized to seize property and subject the same to forfeiture so long as they have *probable cause to believe* that the property was used in violation of the narcotics laws. *United States v. Dickerson*, 857 F.2d 1241 (9th Cir.1988). The Court of Claims' explanation of the significance of authority in just compensation claims clearly applies to seizure and forfeiture under 21 U.S.C. § 881:

> In authorizing activities that may or may not infringe on property rights yet in making no provision for payment if they do, Congress must be deemed to hope that [the activities] will not infringe, but to intend that if [they do], the Tucker Act and the standing appropriation to pay Court of Claims judgments, will be the safety net. . . .

*Armijo v. United States*, 663 F.2d 90, 229 Ct.Cl. 34, 40 (1981) (citation omitted).

■ The court additionally notes that, contrary to defendant's suggestion, the allegation that the actions of government officials were authorized is not an element

of a just compensation claim. Instead, the averment that the government officials were not authorized to act as they did is an affirmative defense. This point was made clear in *Florida Rock Industries v. United States*, 791 F.2d 893, 899 (Fed.Cir.1986), where the court stated that "[i]n *defending*, the government *may deny* the authority [of its agents,] and *in that way authority could become an issue* in a Tucker Act taking case." (Emphasis added). Defendant has yet to file an answer to Froudi's complaint, so authority or lack thereof on the part of the DEA agents has not been put in issue. Moreover, even if authority were in issue, Froudi still *states a claim in his complaint* for just compensation. Resolution of the authority issue would be addressed with the merits.

## II. The 90-day reporting requirement

With respect to the request for status reports from defendant at 90-day intervals, the court does not believe that it places an undue burden on counsel for defendant, and counsel's request to be relieved of the reporting obligation is, therefore, denied. The fact that the Department of Justice must fragment its function of defending the United States—appearing through the United States Attorney in district court and through the Civil Division in the Claims Court—does not change this court's view.

Moreover, by waiving sovereign immunity in a patchwork fashion, and by lodging jurisdiction over claims for equitable relief and for just compensation in different fora, even where the claims arise from the same events, Congress forced plaintiffs with these two types of claims to pursue two separate avenues of relief simultaneously—in Froudi's case, in courts 3000 miles apart. Any hardship arising out of this court's need to be apprised of the progress of the district court proceedings should thus be borne by the government, the architect of the system which necessitated the splitting of Froudi's claims against the United States. This is especially so in light of plaintiff's dual handicaps, *i.e.*, he is appearing *pro se*, and, for a stronger reason, he is presently incarcerated.

Accordingly, defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.