Framarz FROUDI, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–707C.

United States Claims Court.

Feb. 5, 1991.

Framarz Froudi, San Luis Obispo, Cal., pro se.

Vanessa P. Sciarra, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This memorandum addresses defendant's motion for reconsideration of the court's January 14, 1991 opinion, 22 Cl.Ct. 290, in

which the court: (i) denied defendant's motion to dismiss for lack of subject matter jurisdiction; (ii) stayed proceedings on plaintiff's just compensation claim, pending resolution of litigation on related issues transferred to the United States District Court for the Central District of California; and (iii) directed that defendant file status reports with this court at 90–day intervals, apprising the court of the progress of the district court proceedings. That opinion contains a full statement of the background of this case, and is incorporated herein by reference.

In its motion, defendant makes two requests. First, defendant asks the court to dismiss plaintiff's claim for just compensation, on the basis that plaintiff cannot state such a claim on the facts alleged. Second, defendant asks that should the court deny its first request, it be relieved from its requirement to provide the court with status reports on the proceedings in the district court. For the reasons set forth below, both of defendant's requests are denied.

 Generally, a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court. *Weaver–Bailey Contractors v. United States*, 20 Cl.Ct. 158 (1990). The instant motion for reconsideration, however, does not merely rehash arguments already made and rejected. In its motion to dismiss and briefing thereon, defendant did not address whether plaintiff could make out a just compensation claim, because defendant did not construe plaintiff's complaint as alleging a just compensation claim. Rather, the instant motion for reconsideration is directed to the court's *sua sponte* conclusion that plaintiff's complaint states a claim for just compensation, and for that reason, the motion is properly interposed.

### I. Whether plaintiff can state a claim for just compensation

The court has already ruled that if Froudi's car was used for illicit activity, then he had no constitutionally-protected property right in the car, and his taking claim would fail as a matter of law. *See* 22 Cl.Ct. at 297 (1991). The court did not dismiss the just compensation claim, however, because Froudi alleges that his car was *not* used for illicit activity, and the court accepted that unchallenged allegation as true in ruling on defendant's motion to dismiss. *See* 22 Cl.Ct. at 297 (1991). Defendant argues in its motion for reconsideration that assuming that the car was not used for illicit activity, Froudi's just compensation claim also fails as a matter of law. The court rejects defendant's argument because it relies on an erroneous premise.

Defendant's position is that if one assumes, as the court must, that Froudi's car was not used for illicit activity, it follows that the DEA agents had no authority to seize and to forfeit Froudi's car. After all, 21 U.S.C. § 881(a)(4), the statutory basis on which the DEA relied in conducting the forfeiture, provides that only vehicles used to transport or to facilitate the sale of controlled substances or drug paraphernalia are subject to seizure and forfeiture. Defendant points out that a just compensation cause of action does not lie for the loss of property occasioned by the unauthorized acts of government officials. Thus, concludes defendant, if Froudi's car *was used* for illicit activity, he had no property right in the car and his just compensation claim fails; conversely, if the car *was not used* for illicit activity, the actions of the DEA agents were unauthorized, and again, Froudi's just compensation claim fails.

 Defendant's argument relies on the premise that the actions of DEA agents engaged in seizing and forfeiting property under 21 U.S.C. § 881 are unauthorized if the seized property was not *actually used* for illicit activity. This is erroneous. Under 21 U.S.C. § 881, DEA agents are authorized to seize property and subject the same to forfeiture so long as they have *probable cause to believe* that the property was used in violation of the narcotics laws. *United States v. Dickerson*, 857 F.2d 1241 (9th Cir.1988). The Court of Claims' explanation of the significance of authority in

just compensation claims clearly applies to seizure and forfeiture under 21 U.S.C. § 881:

> In authorizing activities that may or may not infringe on property rights yet in making no provision for payment if they do, Congress must be deemed to hope that [the activities] will not infringe, but to intend that if [they do], the Tucker Act and the standing appropriation to pay Court of Claims judgments, will be the safety net....

*Armijo v. United States*, 663 F.2d 90, 95, 229 Ct.Cl. 34, 40 (1981) (citation omitted).

■ The court additionally notes that, contrary to defendant's suggestion, the allegation that the actions of government officials were authorized is not an element of a just compensation claim. Instead, the averment that the government officials were not authorized to act as they did is an affirmative defense. This point was made clear in *Florida Rock Industries v. United States*, 791 F.2d 893, 899 (Fed.Cir.1986), where the court stated that "[i]n *defending*, the government *may deny* the authority [of its agents,] and *in that way authority could become an issue* in a Tucker Act taking case." (Emphasis added). Defendant has yet to file an answer to Froudi's complaint, so authority or lack thereof on the part of the DEA agents has not been put in issue. Moreover, even if authority were in issue, Froudi still *states a claim in his complaint* for just compensation. Resolution of the authority issue would be addressed with the merits.

*II. The 90–day reporting requirement*

■ With respect to the request for status reports from defendant at 90–day intervals, the court does not believe that it places an undue burden on counsel for defendant, and counsel's request to be relieved of the reporting obligation is, therefore, denied. The fact that the Department of Justice must fragment its function of defending the United States—appearing through the United States Attorney in district court and through the Civil Division in the Claims Court—does not change this court's view.

Moreover, by waiving sovereign immunity in a patchwork fashion, and by lodging jurisdiction over claims for equitable relief and for just compensation in different fora, even where the claims arise from the same events, Congress forced plaintiffs with these two types of claims to pursue two separate avenues of relief simultaneously—in Froudi's case, in courts 3000 miles apart. Any hardship arising out of this court's need to be apprised of the progress of the district court proceedings should thus be borne by the government, the architect of the system which necessitated the splitting of Froudi's claims against the United States. This is especially so in light of plaintiff's dual handicaps, *i.e.*, he is appearing *pro se*, and, for a stronger reason, he is presently incarcerated.

Accordingly, defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.