**Framarz FROUDI, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–707C.**

United States Claims Court.

June 13, 1991.

Framarz Froudi, pro se.

Vanessa P. Sciarra, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

### ORDER

REGINALD W. GIBSON, Judge.

Framarz Froudi, a *pro se* plaintiff currently incarcerated in the California state penal system for violating various narcotics laws, seeks to recover compensation for certain personal property confiscated by the United States Drug Enforcement Agency (DEA) in alleged violation of his constitutional rights. By the present motion, Mr. Froudi seeks leave to proceed *in forma pauperis,* and an order appointing a member of the California bar to represent him. For the reasons stated below, the motion is DENIED.

### BACKGROUND

The facts that are relevant to this motion may be very briefly summarized. On March 3, 1987, Mr. Froudi was arrested in Los Angeles, California, for violating various narcotics laws. As a consequence, his

Mercedes–Benz automobile and a $600 lizard skin briefcase were seized by the police and turned over to the DEA for forfeiture proceedings under 21 U.S.C. § 881(a)(4). The DEA initiated the forfeiture proceedings on April 27, 1987, by mailing notices to Mr. Froudi at his home address, the Los Angeles County Jail, and by publishing notices in *USA Today* for three consecutive weeks. The DEA failed to receive any responses, and, consequently, sold the automobile in an administrative proceeding on September 21, 1987. During this entire time, Mr. Froudi was in the custody of local law enforcement officials, and he was eventually sentenced to eight years in the state penitentiary. Mr. Froudi served time in a number of different facilities, and is presently incarcerated at the California Men's Colony, West Facility, San Luis Obispo, California.

On July 31, 1990, Mr. Froudi filed a complaint in this court seeking declaratory and injunctive relief, and the payment of just compensation under the Fifth Amendment of the Constitution for the alleged wrongful confiscation and forfeiture of his property. In response, the defendant filed a RUSCC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. On January 14, 1991, we denied that motion, transferred those claims requesting declaratory and injunctive relief to the United States District Court for the Central District of California, and stayed action on the just compensation claims in this court pending the resolution of that litigation. *Froudi v. United States*, 22 Cl.Ct. 290 (1991). The defendant, thereafter, filed a motion for reconsideration, which we denied on February 5, 1991. *Froudi v. United States*, 22 Cl.Ct. 647 (1991). On May 6, 1991, Mr. Froudi filed the motion presently before us, which requests leave to proceed *in forma pauperis*, and an order appointing counsel under the authority of 28 U.S.C. § 1915 and 18 U.S.C. § 3006A(g).

## DISCUSSION

The issue here is—whether the Claims Court has the power to permit Mr. Froudi to proceed *in forma pauperis* and to appoint counsel pursuant to 18 U.S.C. § 3006A(g) or 28 U.S.C. § 1915. For the reasons set forth hereinafter, we conclude that these statutory provisions do not confer the necessary authority for us to grant either request.

■ Mr. Froudi apparently relies on 18 U.S.C. § 3006A(g) for the sole proposition that he is entitled to court appointed counsel. However, that statute simply does not provide the Claims Court with that power. As currently codified, it authorizes certain federal district courts to create public defender organizations for the purpose of providing attorneys to indigent individuals who are unable to obtain adequate representation *in criminal cases*. The Claims Court, however, is not one of the federal district courts authorized to establish a defender organization, has not created such a mechanism, and does not have jurisdiction over any of the criminal matters described in 18 U.S.C. § 3006A(a).[1] Moreover, Mr. Froudi is the plaintiff here, not a defendant in need of the legal representation contemplated by 18 U.S.C. § 3006A.[2] We conclude, therefore, that said section has no application here, in that it does not permit this court to appoint counsel for Mr. Froudi.

■ In addition to the foregoing, Mr. Froudi alleges—that he is entitled to court appointed counsel, and to proceed *in forma pauperis* under 28 U.S.C. § 1915. This asserted authority raises a significant

---

1. 18 U.S.C. § 3006A provides as follows:
    Adequate representation of defendants
      (a) Choice of plan.—Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section. Representation under each plan shall include counsel and

investigative, expert, and other services necessary for adequate representation....

2. In this respect, we also observe that private individuals are not defendants in the Claims Court. The United States is always the defendant, which obviates the need for the creation of an organization for the representation of indigent defendants.

question concerning the extent of the power of the Claims Court under that statute, which provides, in pertinent parts, as follows:

> (a) *Any court of the United States* may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by any person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
>
> \*   \*   \*   \*   \*   \*
>
> (d) The court may request an attorney to represent such person unable to employ counsel and dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

(emphasis added).

Clearly, our authority under this statute to grant the requested relief turns on nothing more than a matter of statutory interpretation. "The starting point in every case involving construction of a statute is the language of the statute itself." *Watt v. Alaska*, 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981), *cited with approval in Neptune Mutual Ass'n Ltd. of Bermuda v. United States*, 862 F.2d 1546, 1549 (Fed.Cir.1988), and *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1559 (Fed.Cir.1988). This analysis "begins and ends with the guiding principle that absent ambiguous language or clearly contrary legislative intent, a statute is construed in accord with its plain meaning," *Brown v. Secretary of the Department of Health and Human Services*, 920 F.2d 918, 920 (Fed.Cir.1990) (citations omitted), because it is presumed that the plain meaning accurately expresses the legislative purpose. *Madison Galleries, Ltd. v. United States*, 870 F.2d 627, 632 (Fed.Cir.1989).

Under the unambiguous statutory language at issue here, only "court[s] of the United States" are permitted to exercise the functions described in 28 U.S.C. § 1915. Courts of the United States are those that are created by Congress under Article III of the Constitution, and are staffed by judges entitled to hold office continuously during good behavior. 28 U.S.C. § 451 (West Supp.1991).[3] The Claims Court, however, was established under Article I of the Constitution, 28 U.S.C. § 171(a) (West Supp.1991), and is staffed by judges who are appointed to serve fifteen-year terms. 28 U.S.C. § 172(a) (West Supp.1991). Consequently, since its judges' terms are limited, the Claims Court "is not a 'court of the United States' in terms of 28 U.S.C. § 1915." *Lariscey v. United States*, 861 F.2d 1267, 1271, 1272 (Fed.Cir.1988).

Therefore, under the plain language of the statute, it is evident that the Claims Court does not have the authority either to permit Mr. Froudi to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), or to appoint counsel under 28 U.S.C. § 1915(d). Moreover, we so find because in *Lariscey*, 861 F.2d at 1271, the Court of Appeals for the Federal Circuit (CAFC) stated that, given the facts, "[w]e conclude only that the appropriate circumstance has not been shown *in this case* " that the Claims Court has the power to appoint counsel. Since the facts at bar regarding appointment of counsel mirrors the operative facts in *Lariscey*, in all material particulars, we hold that it is dispositive on the issue of appointment of counsel.

While it is true that the Claims Court has routinely entertained and granted motions in the past by indigent plaintiffs seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), *see, e.g., Montoya v. United States*, 22 Cl.Ct. 568, 569 (1991), we observe that this has been done without any critical or searching analysis of our statutory authority to grant such motions. On the other hand, we are aware of only one case in which the plaintiff requested a

---

**3.** In relevant part, 28 U.S.C. § 451 states that: The term "Court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts ... and any

court created by Act of Congress the judges of which are entitled to hold office during good behavior.

court appointed attorney under 28 U.S.C. § 1915(d), and there the Claims Court concluded, in an unpublished opinion, that it was without the authority to grant the motion. *Lariscey v. United States,* No. 587–87C (Cl.Ct. March 14, 1988), *aff'd,* 861 F.2d 1267 (Fed.Cir.1988).

As in the case at bar, Mr. Lariscey was also an incarcerated *pro se* plaintiff who requested court appointed counsel to pursue a patent application, *i.e.,* a property issue, in the United States Patent and Trademark Office and Fifth Amendment takings and breach of implied contract claims in the Claims Court. When the Claims Court denied that request, he appealed and beseeched the CAFC to reverse the Claims Court decision or, in the alternative, to exercise its authority as an Article III court by appointing an attorney to represent him. Thus, the extent of Claims Court authority under 28 U.S.C. § 1915 is an issue that was squarely presented to the CAFC in *Lariscey.*

Unfortunately, the CAFC did not decide the issue definitively, and thus the limits of our power under 28 U.S.C. § 1915 remain an open question. Nevertheless, the *Lariscey* holding is dispositive of the issues here at bar. In that case, the CAFC affirmed the Claims Court decision denying the plaintiff's motion for court appointed counsel, while at the same time declining to define the powers that may be properly exercised by the Claims Court under 28 U.S.C. § 1915. *Lariscey,* 861 F.2d at 1271. In doing so, it expressly acknowledged that the Claims Court is not a "court of the United States," and that it is not technically authorized to exercise any of the functions described in 28 U.S.C. § 1915. Nevertheless, the CAFC refused to base its decision on a broad interpretation of this plain statutory language, presumably because it recognized that this would also circumscribe our authority to grant motions by indigent plaintiffs seeking to proceed *in forma pauperis.* In this regard, it stated only that the Claims Court was "formed to continue a function previously part of an

Article III court," and seemingly implied that the Claims Court may, under some unidentified circumstances, exercise some of the functions described in 28 U.S.C. § 1915. *Lariscey,* 861 F.2d at 1271.

Instead of analyzing the extent of the Claims Court's statutory authority, if any, under 28 U.S.C. § 1915, the CAFC saw the need to simply affirm the decision denying plaintiff's motion and stated that—"[w]e do not decide whether the Claims Court has the power to appoint counsel under any circumstance." [4] Although Mr. Lariscey requested that the CAFC appoint counsel to represent him in the United States Patent and Trademark Office and the Claims Court under its authority as an Article III court, it refused concluding—that the right to counsel is highly circumscribed in civil proceedings; and that such rights arise only when personal liberty interests are at risk. *Lariscey,* 861 F.2d at 1270, *citing Lassiter v. Department of Social Services,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (indigent plaintiffs facing child custody termination proceedings may be entitled to court appointed counsel). There Mr. Lariscey was asserting a property claim, and this type of claim simply did not rise to the minimum level of importance for entitlement to court appointed counsel. *Lariscey,* 861 F.2d at 1271. In concluding, the CAFC stated that "[w]e deny his request that we appoint counsel and affirm the Claims Court's refusal to do so."

Thus, *Lariscey* does not conclusively resolve the conundrum posed by 28 U.S.C. § 1915 with respect to the power of the Claims Court thereunder. On the one hand, it seems to imply that we may exercise some of the authority described in 28 U.S.C. § 1915, under the appropriate circumstances, while on the other, it does not specify the parameters of that power. If we were to exercise those functions here, against this background, to reach the merits of the motion presently before us, we would be inclined to conclude that Mr. Froudi is entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) because he

---

**4.** When the Claims Court was created, it assumed and exercised most of the jurisdiction previously exercised by the old Court of Claims, which was an Article III court.

has appropriately certified by affidavit that he has no income, no assets, and that he is unable to pay the costs of maintaining this action. 28 U.S.C. § 415. Conversely, we would conclude with equal certainty that his Fifth Amendment just compensation claim does not warrant court appointed counsel under 28 U.S.C. § 1915(d).

However, we cannot escape the plain and unambiguous statutory language, which unequivocally limits the exercise of the referenced functions under 28 U.S.C. § 1915 to Article III courts. It is clear beyond cavil that the Claims Court is an Article I court, thus we see no alternative other than to deny the motion. Stated simply, in the absence of any guiding obligatory precedent, we have no authority to undertake any of the functions described in 28 U.S.C. § 1915. We cannot grant Mr. Froudi's request to proceed *in forma pauperis*, even though we would be inclined to do so.

Unfortunately, this is a matter that Mr. Froudi must pursue before the CAFC for any forthcoming relief.

## CONCLUSION

The Claims Court has no authority to appoint counsel under 18 U.S.C. § 3006A(g). Moreover, it has no statutory power on the facts here to perform any of the functions described in 28 U.S.C. § 1915. Consequently, plaintiff's motion is hereby DENIED.

IT IS SO ORDERED.