935 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rosalyn Denise CHAVIS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-7509.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 24, 1991.
Decided May 31, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CA-90-59-3-CIV-BR)
 Rosalyn Denise Chavis, appellant pro se.
 Stephen Aubrey West, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before CHAPMAN, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rosalyn Denise Chavis appeals the district court's dismissal of her mandamus action. For the reasons stated below, we vacate the dismissal of this action and remand for further proceedings. The Drug Enforcement Agency seized Rosalyn Denise Chavis's car under 21 U.S.C. Sec. 881, and initiated administrative forfeiture proceedings. Chavis told the DEA agents at the time of the seizure that her address was Route 1, Box 204, Rowland, North Carolina 28383. Chavis was subsequently arrested and remained incarcerated throughout the forfeiture proceedings.
 
 
 2
 The DEA sent a certified Notice of Seizure to Rosalyn Denise Hunt at the Rowland address, but the letter was returned undelivered. The DEA published notice of the administrative forfeiture in the USA Today in accord with 19 U.S.C. Sec. 1607(a) and 21 C.F.R. Sec. 1316.75. The DEA received no response within twenty days from the first day of publication of the notice and declared the car forfeited to the United States under 19 U.S.C. Sec. 1609.
 
 
 3
 Chavis filed an "Application for a Writ of Mandamus" requesting the return of her car. She claimed she never received notice of the forfeiture proceedings and the seizure was therefore illegal and unconstitutional. The government moved for summary judgment and Chavis filed in apparent opposition to the government's motion a "Notice of Appeal/Reconsideration Motion" generally alleging that the government failed to show compliance with the forfeiture regulations. Chavis signed but did not swear to the veracity of the motion.
 
 
 4
 Without providing Roseboro[1] notice, the court granted summary judgment and dismissed the action on the reasoning that since Chavis had an adequate remedy--contest the seizure by filing a proper claim and cost bond in accord with 19 U.S.C. Sec. 1608 and 21 C.F.R. Sec. 1316.76--mandamus relief was inappropriate. The court noted that since the government used all reasonable means to notify Chavis of the forfeiture proceedings, actual notice was not necessary. Chavis signed and served her notice of appeal within the 60-day appeal period of Fed.R.App.P. 4(a), but the notice was not filed in district court until four days after expiration of the appeal period.[2]
 
 
 5
 Although Chavis characterized her action as a mandamus petition, the court should have interpreted her claim as one alleging a fifth amendment due process violation, Gutt v. United States, 641 F.Supp. 603 (W.D.Va.1986); see Gulp v. United States, 523 F.2d 557, 559 (8th Cir.1969) ("When notice is inadequate, the claimant can attack the constitutionality of a summary forfeiture in federal courts."), with jurisdiction conferred pursuant to 28 U.S.C. Sec. 1331. In re $67,470.00, 901 F.2d 1540 (11th Cir.1990); see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.) (a case should not be dismissed because a pro se petitioner mislabels a pleading), cert. denied, 439 U.S. 970 (1978).
 
 
 6
 The DEA mailed notice of the seizure to the address supplied by Chavis in accord with the regulations. However, if the DEA was aware that Chavis no longer resided at that address because she was in custody, the DEA was not entitled to rely on the publication notice, but should have mailed notice of the proceedings to Chavis at her place of incarceration. Robinson v. Hanrahan, 409 U.S. 38 (1972); Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314-15 (1950); Gutt, supra. Although the record does not indicate why Chavis was incarcerated, she contends she was in custody of the United States. The court's failure to provide Roseboro notice was critical in that Chavis may have been able to file affidavits supporting a claim that the DEA knew the location of her incarceration. Summary judgment on the issue of whether the DEA's notice was reasonable was therefore inappropriate.
 
 
 7
 Accordingly, we vacate the entry of summary judgment because there exists a genuine issue of material fact regarding the reasonableness of the DEA efforts to inform Chavis of the forfeiture proceeding. We deny the government's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 [1]
 Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975) (pro se litigants should be alerted that a failure to respond with supporting affidavits in the face of an opposing motion for summary judgment could result in dismissal)
 
 
 [2]
 Chavis's appeal is timely under Houston v. Lack, 487 U.S. 266 (1988)